STATE OF MISSOURI at the relation of W. P. WILKERSON, Prosecuting Attorney of Scott County, Relator, v. FRANK KELLY, Judge of the Circuit Court in and for Scott County.—142 S. W. (2d) 27.

Court en Banc, July 2, 1940.

*David E. Blanton* and *W. P. Wilkerson* for relator..

*Ray B. Lucas* for respondent.

418

GANTT, J.—Original action in prohibition. Relator seeks to prohibit a regular judge from calling a special judge to sit on the hearing of a motion to set aside a judgment granting a parole. In substance the facts follow: J. Sherwood Smith, under indictment for embezzlement of public funds, disqualified the circuit judge. A special judge was selected. Smith pleaded guilty. On said plea the special judge sentenced him to the penitentiary. On the same day Smith filed a petition for parole. Eleven of the twelve grand jurors who returned the indictment recommended a parole. The special judge paroled Smith.

In about three weeks the prosecuting attorney filed a motion to set aside the judgment granting the parole. The motion alleged,

among other things, that Smith told the grand jurors that he (Smith) had paid all of his several shortages to the county and city; that he also told them that the prosecuting attorney would consent to a parole for that reason; that Smith made said statements to induce the grand jurors to recommend a parole; that said statements influenced the grand jurors; that all of said statements were false and untrue, and thereby a fraud had been perpetrated on the court. Wherefore, he prayed the court to set aside the judgment paroling Smith.

Smith was served with process. Thereupon he filed a motion challenging the jurisdiction of the regular judge to sit on the hearing of the motion to set aside the judgment granting the parole, for the reason he had been disqualified to sit as judge in the criminal case (State v. Smith) in which Smith was charged with embezzlement. The regular judge overruled the motion challenging his jurisdiction. In due course evidence was heard by the regular judge on the motion to set aside the judgment. On submission of the cause he sustained the motion, set aside said judgment, and ordered Smith committed to the penitentiary under the sentence on his plea of guilty to the indictment.

In ruling the motion to set aside the judgment granting the parole, the regular judge found that said judgment was procured by fraud practiced upon the court in the very act of obtaining the judgment.

On the petition of Smith, the Springfield Court of Appeals issued a writ of *habeas corpus*. The sheriff made return to the writ, alleging that he had lawful custody of Smith under said commitment. Smith replied to the return by challenging the jurisdiction of the regular judge to hear the motion to set aside the judgment granting the parole for the reason above stated. The Court of Appeals ruled the question of the jurisdiction of the regular judge on the admitted facts and under certain sections of the parole statute. It reasoned as follows:

"We cannot escape the conclusion that where the regular judge has been disqualified, as was conceded to be the case here, he had no right to act in any way in connection with the case, except in the matter of calling the case to the attention of the special judge, or in selecting some other judge according to law to pass on the matter. It is unreasonable to think that where the judge had been disqualified under the provisions of our statutes, that he should assume to revoke a parole granted by a special judge, and that revocation being for cause, as stated by the regular judge in his decree of revocation as hereinbefore shown. We think the Legislature in 1937 by its act above referred to (Laws 1937, p. 403, sec. 10, Mo. Stat. Ann., sec. 8334-10, p. 6180), has helped to clarify the situation, so that there can be no question but that the regular judge in this instance acted without authority in attempting to revoke the parole and that his acts in so doing were void and of no effect. *It is our conclusion that our Writ*

*should stand* and that so far as the order of the regular judge revoking the parole is concerned, that order should be set aside and for naught held, and it is so ordered. But in this case there is a petition on file with the clerk of the Circuit Court of Scott County praying for the revocation of the parole of J. Sherwood Smith. This petition should be passed on by the Special Judge in this case, or by some other judge legally selected, and this cause should be remanded to be considered as herein suggested. It is so ordered.'' [Italics ours. Ex parte Smith, 119 S. W. (2d) 65, l. c. 73.]

■ If the above ruling of the Court of Appeals be taken literally, it ruled the *habeas corpus* action as if for review on appeal. For reasons satisfactory to said court, the judgment of the regular judge revoking the parole was set aside. In the instant collateral action, we will assume that it was authorized to set aside said judgment. Even so, the said court was authorized only to discharge the prisoner from the custody of the sheriff under the commitment and remand him to the custody of the sheriff for further proceedings in the circuit court in accordance with law. [State ex rel. Gentry, Atty. Gen. et al., v. Westhues et al., 315 Mo. 672, 286 S. W. 396, l. c. 399; Sec. 1468, R. S. 1929.] In this situation we construe the above paragraph of the opinion of the Court of Appeals to rule only as it was authorized to rule under the law.

■ Thus it appears that the action to revoke the parole is pending in the circuit court. We think the parole statutes are without application to the facts under consideration. The said motion is an independent action in equity to set aside the judgment granting the parole for alleged fraud on the part of Smith prior to the parole, which fraud was practiced upon the court in the very act of obtaining the judgment granting the parole. If the motion to set aside the judgment granting the parole is an independent action, and we so rule, the defendant Smith may, under the statute, disqualify the regular judge to sit on the hearing of said motion.

In ruling the instant action it must be understood that no consideration has been given to either the sufficiency of the petition or the evidence in the action to set aside said judgment. Furthermore, it must be understood that the ruling in the instant action does not interfere with the statutory jurisdiction of a circuit judge to grant paroles or revoke the same under the statute.

The preliminary rule should be made absolute. It is so ordered. All concur.