**BURGDORFER ELECTRIC COMPANY,**
Plaintiff-Respondent-Appellant,

v.

**VOYLES CONSTRUCTION COMPANY,**
Defendant-Appellant-Respondent,

and

Henry B. Classe and Helma Classe,
Defendants-Respondents.

Nos. 32844, 32845.

St. Louis Court of Appeals.

Missouri.

Sept. 17, 1968.

Klamen & Weisman, Marvin Klamen, Clayton, for defendant-appellant-respondent.

Daniel P. Reardon and James K. Pendleton, St. Louis, for plaintiff-respondent-appellant.

CLEMENS, Commissioner.

This mechanic's lien case hinges on two issues: In proving a contract, may a party rely on his adversary's testimony of the agreed amount when that amount differs from his own testimony? And, is the dismissal of an original petition res judicata when the court does not then give plaintiff leave to amend?

Plaintiff (Burgdorfer), an electrical contracting company, got an $8,000 verdict and judgment against the corporate builder (Voyles) for work and materials Burgdorfer furnished in Voyles' construction of an apartment building. Voyles appeals. We affirm. On a preliminary motion the court dismissed Burgdorfer's amended petition for a mechanic's lien on the property of the owners (Classes), and Burgdorfer appeals from that judgment. We reverse and remand.

We first consider Voyles' appeal from Burgdorfer's $8,000 judgment. Burgdorfer went to trial against defendant Voyles only, submitting its case by two verdict directors—one based on an express oral agreement, the other on quantum meruit for "extras". The jury awarded Burgdorfer $7,525 on the express agreement and $475 for the "extras".

On Voyles' appeal from the $8,000 judgment, Voyles contends the trial court should have directed a verdict for Voyles since Burgdorfer's evidence failed to establish a contract. This, because of conflicts in Burgdorfer's evidence about the oral agreement: Was it for twelve apartments at $6,550 or for fourteen apartments at $7,525? Strangely enough, to support its claim for the larger amount Burgdorfer

relies on the deposition testimony of Voyles' president that the agreement was for fourteen apartments at $7,525. Voyles contends its president's testimony is unavailable to Burgdorfer since it is contrary to the testimony of Burgdorfer's president that the original agreement was for only twelve apartments at $6,550.

We relate the facts about the agreement favorable to Burgdorfer. In the summer of 1963 Voyles was building a 12-unit apartment and looking for an electrical contractor to do the wiring. Voyles' president, Mr. Leonard Voyles, submitted plans and specifications to the Butler Electric Company, which had offered to do the wiring for $6,550. But Burgdorfer's president, Mr. Harry Burgdorfer, asked Mr. Voyles for the job. Mr. Voyles gave Mr. Burgdorfer a copy of the Butler proposal and told him he could have the job if he could meet Butler's $6,550 price for the 12-unit building. Mr. Voyles also told Mr. Burgdorfer that "if he [Mr. Voyles] got an additional loan, money, he would put two more units in the basement." There was no testimony about a separate, additional price for wiring the two additional units. In a day or so Mr. Burgdorfer told Mr. Voyles that Burgdorfer would take the job, and expected to be paid when it was completed. Burgdorfer went ahead with the wiring, first on the twelve units shown on the plans and later on the two basement units. This, because after Burgdorfer's work was underway Voyles told Mr. Burgdorfer there would be fourteen units, and he assumed Voyles had got the additional loan Mr. Voyles had mentioned. Mr. Voyles then told Burgdorfer's foreman to wire the two basement apartments "according to the upstairs apartments." At trial Mr. Burgdorfer was not asked about any agreement concerning an additional amount for wiring the two basement apartments. Although Mr. Burgdorfer had said the original agreement was for twelve units at $6,550, at some time he had made handwritten computations on his records that showed the number "14" and the amount "$7,525". Burgdorfer read Mr. Voyles' deposition into evidence, wherein Mr. Voyles described the building as a "fourteen family apartment dwelling." About the agreement with Mr. Burgdorfer, Mr. Voyles testified:

"Q. And what price was that that you had given Mr. Burgdorfer that you were willing to pay for the electrical work?

"A. I agreed to pay him the same price as the other man's price.

"Q. What price was that, do you recall?

"A. Well, it was $7,525."

Near the end of work on the fourteen units Burgdorfer and Voyles differed over the amount of "extras" Burgdorfer had furnished and whether Burgdorfer had fully completed the work specified. Voyles sent Burgdorfer a check for $6,500 but Burgdorfer returned it. Burgdorfer then filed a statement for a mechanic's lien, and later filed its petition praying for an $8,003.09 money judgment against Voyles and a lien against the property, owned by defendants Classe. (As said, defendants Classe got out of the case on a preliminary motion and took no part in the trial between Burgdorfer and Voyles. Of this, more later.)

Burgdorfer's verdict against Voyles was for $7,525 on its asserted agreement with Voyles. This amount was based on Mr. Voyles' testimony, as Burgdorfer's witness. Voyles contends this testimony was not available to Burgdorfer since it contradicted Mr. Burgdorfer's own testimony and is contrary to Burgdorfer's theory of the case.

■ Generally, a party is entitled to all evidence in the case favorable to his position; and the jury may believe all of a witness's testimony or none of it, just as it finds the testimony to be true or false in relation to the other testimony and the facts and circumstances in the case. Mil-

ler v. Riss & Co., Mo., 259 S.W.2d 366[4], and Hutchison v. Thompson, Mo., 175 S.W.2d 903[10]. The limitation to this general rule is tersely stated in Voyles' cited case of Picarella v. Great Atlantic & Pacific Tea Co., Mo.App., 316 S.W.2d 642[12]: "But the rule that either party is entitled to the benefit of evidence introduced or adduced from the other, and his witnesses, is subject to the qualification that such evidence cannot be used if it contradicts the party's own evidence or is contrary to his theory of the case." We find no direct conflict here, either in the evidence or with plaintiff's theory of its case.

■ We say there was no direct conflict in the evidence, because the jury could have believed there were two separate agreements or an alternate agreement for the twelve original units and for the two additional units. Mr. Burgdorfer testified that the original agreement was for twelve units for $6,550, with tentative plans for the two additional basement units; that later he completed these two additional units. His handwritten memorandum, made at an unspecified time, bore the notations "14" and "$7,525". Mr. Burgdorfer did not mention—nor was he asked about—an agreed price for all fourteen units. For this, Burgdorfer relied on Mr. Voyles' testimony that Voyles agreed to pay $7,525 for fourteen units. Considering that both Mr. Burgdorfer and Mr. Voyles were testifying about a series of conversations had three years before, without specifying the dates, the jury could have believed Mr. Voyles promised to pay $6,550 for twelve units (as Mr. Burgdorfer testified) and then, or at another time, promised to pay $7,525 for fourteen units (as Mr. Voyles testified). We find that Mr. Voyles' testimony differed from, but did not contradict, Mr. Burgdorfer's testimony.

Nor was Mr. Voyles' testimony that Voyles promised to pay $7,525 for fourteen units at war with Burgdorfer's theory of the case. Burgdorfer's petition was based on contract, for a money judgment and mechanic's lien of $8,003.09 for work and materials furnished at Voyles' request, without specifying any number of units. By its answer Voyles pleaded that Burgdorfer's work was done under contract. In Burgdorfer's opening statement its counsel stressed Burgdorfer's reliance on Mr. Voyles' agreement to pay $7,525 for fourteen units. Burgdorfer's evidence of reasonable value was limited to the "extras", for which Burgdorfer sought and recovered $475; Burgdorfer did not attempt to show the reasonable value of work on either twelve or fourteen units. This indicated Burgdorfer was not relying on an express agreement of $6,550 for twelve units and on quantum meruit for the two additional units, but instead was relying on Voyles' promise to pay $7,525 for fourteen units. The jury's verdict was responsive to this theory. Hence, in determining the sufficiency of Burgdorfer's evidence Mr. Voyles' testimony cannot be excluded as being contrary to Burgdorfer's theory of its case.

■ Accordingly, we consider all of Burgdorfer's evidence and hold that the jury was entitled to find that Voyles had promised to pay Burgdorfer $7,525 for Burgdorfer's work on fourteen units—just as Mr. Voyles testified. The trial court correctly denied Voyles' motion for a directed verdict.

■ Voyles further contends the trial court erred in denying the motion for directed verdict Voyles made at the close of Burgdorfer's opening statement. This, because it "repudiated the existence of an agreement between the parties." We think not. Voyles relies on Hays v. Missouri Pacific Railroad Co., Mo., 304 S.W.2d 800[1], holding that a verdict should be directed against a plaintiff when his opening statement contains an admission precluding plaintiff's recovery as a matter of law. We do not so construe Burgdorfer's opening statement. Burgdorfer's counsel told the jury about the initial meeting between Mr. Burgdorfer and Mr. Voyles and their respective recollections about their agree-

ment. As we have held, Burgdorfer was entitled to rely on Mr. Voyles' specific statement that the parties' initial agreement was for Burgdorfer's work and materials on fourteen units for $7,525. The statement that Mr. Burgdorfer had a different recollection about the initial agreement was not a judicial admission by Burgdorfer that there was no agreement. The trial court properly denied Voyles' motion.

■■ For the last point Voyles claims the trial court erred by allowing witnesses "to read from 'work list' in that such use did not fall within the rule 'present recollection revived,' nor within the rule 'past recollection recorded.'" For two reasons, we hold Voyles has not preserved the point for review. First, Voyles' brief ignores Civil Rule 83.05(a), V.A.M.R.: "* * * Any statement in the argument as to what the record contains shall designate the page of the transcript where the statement may be found or verified. * * *" Voyles' brief is devoid of page references to the challenged testimony. Further, the specific point Voyles raises here goes beyond the general point in its after-trial motion that the court erred in admitting "irrelevant, immaterial and improper evidence offered on behalf of plaintiff." Schneider v. Southwestern Bell Telephone Co., Mo.App., 413 S.W.2d 16[2, 3], and State ex rel. State Highway Commission v. Ellis, Mo. App., 382 S.W.2d 225[13], where the court said: "While such motion [for new trial] need not set forth the objections or reasons given, it should in all events contain language which calls the trial court's attention to evidence which forms the basis for the new-trial specification of error." Voyles' after-trial motion did not point out the evidence it now assails. In this, Voyles has failed to preserve the point for review.

We deny each point of Voyles' appeal and turn to Burgdorfer's appeal.

■ Burgdorfer first contends the court should have granted its after-trial motion to add six percent interest to its $8,000 judgment. Burgdorfer cites §§ 408.020 and 429.210, V.A.M.S., allowing recovery of interest. But Burgdorfer overlooks § 510.-270, V.A.M.S., declaring that in actions to recover money the jury shall assess the amount of recovery. Burgdorfer did not submit the issue of interest in its instruction, and is bound by the responsive verdict for the principal sum only. The trial court had no authority to supplement the verdict by adding interest. Meffert v. Lawson, 315 Mo. 1091, 287 S.W. 610[8–10], and Allison v. Mountjoy, Mo.App., 383 S.W.2d 314[1].

The main thrust of Burgdorfer's appeal goes much deeper: it challenges the denial of its claim for a mechanic's lien against the Classes' property. By a preliminary order the court granted the Classes' motion to dismiss Burgdorfer's amended petition as to them. We relate the proceedings leading up to this dismissal.

Plaintiff's lien statement, duly filed before it commenced suit, contained one "summary sheet" of its account and eighteen pages itemizing the summary. The petition joined defendants Henry B. and Helma Classe as owners, asking for a mechanic's lien on their property. The petition, however, attached only the summary sheet, not the itemizing sheets. Defendants Classe moved to dismiss the petition for failure to state a cause of action. The court found that the lien account alleged in the petition failed to comply with § 429.-080, V.A.M.S., requiring "a just and true account." On September 15, 1964, the trial court ruled: "Separate motion of Defendants Classe to dismiss plaintiff's petition as to them is sustained * * *." The order neither gave Burgdorfer leave to amend nor stated that the dismissal was without prejudice. On September 28, 1964, plaintiff Burgdorfer moved the court to vacate the order dismissing the Classes or, alternatively, to grant it leave to file an attached amended petition adding the itemized part of its lien statement. On Octo-

ber 29, 1964, the trial court entered two memorandum orders—the ground of the ensuing difficulty. By one order, Burgdorfer's alternative motion to vacate the dismissal or grant it leave to amend was marked "Overruled". But at the same time, Burgdorfer's proposed amended petition—supplying the itemized part of the lien statement—was marked "Leave to File". On these two rulings hangs Burgdorfer's contention that it was entitled to proceed on its amended petition for a mechanic's lien against defendants Classe.

The issue came to a head on the Classes' next motion: to dismiss Burgdorfer's amended petition on the ground that Burgdorfer's cause of action had already been dismissed with prejudice and that the allegations in the amended petition were res judicata. On July 29, 1965, the trial court (another judge then presiding) granted the Classes' motion to dismiss Burgdorfer's amended petition. Thereafter, the case came on for trial. Burgdorfer then challenged the last order dismissing its amended petition as to the Classes. But the trial court (still another judge then presiding) held it was bound by the previous order that had dismissed Burgdorfer's amended petition on the ground of res judicata. Under compulsion, Burgdorfer went to trial against defendant Voyles alone.

We hold that the dismissal of Burgdorfer's original petition by the first judge was without prejudice, and that the second judge erred in dismissing its amended petition as res judicata. In dismissing the original petition as to defendants Classe on September 15, 1964, the first judge should have then granted plaintiff leave to amend its petition. Civil Rule 67.05, V.A.M.R. states: "On sustaining a motion to dismiss a claim, counterclaim or cross-claim the court shall freely grant leave to amend and shall specify the time within which the amendment shall be made or amended pleading filed. * * *" And see Sympson v. Rogers, Mo., 314 S.W.2d 717[7]. As said, plaintiff promptly raised the question of its right to amend its original peti-

tion: On September 28, 1964, the plaintiff filed—and on October 29, 1964, the court heard—plaintiff's alternative motion to vacate its order dismissing the original petition as to the Classes or to grant plaintiff leave to file the attached amended petition. As said, the judge marked the motion "Overruled" but simultaneously marked the proposed amended petition "Leave to File".

We construe these two orders as a dismissal of plaintiff's original petition, but not a dismissal of its right of action. That is what the court should have done (Civil Rule 67.05 and Sympson v. Rogers, supra)—and what a court should have done is a factor in construing its judgment. (Compare Clark v. Fighting Wolf Mining Co., Mo.App., 209 S.W. 307[2]; State ex rel. Wilkerson v. Kelly, 346 Mo. 416 (banc), 142 S.W.2d 27[2]; and other cases cited in 49 C.J.S. Judgments § 436, n. 41.) Furthermore, the two orders—"Overruled" and "Leave to File" —are to be construed together. (Jeans v. Jeans, Mo.App., 314 S.W.2d 922[6].) Applying these aids to construction, we hold that the effect of the two orders was to overrule plaintiff's motion to vacate the order dismissing its original petition, but to do so without prejudice and to grant plaintiff leave to file its proffered amended petition. Any other construction of the two orders would disregard the one granting plaintiff leave to file the amended petition. See White v. Sievers, 359 Mo. 145, 221 S. W.2d 118[16], where the court said: "Since in this case the court did indicate in the orders of dismissal that the plaintiff's action was to continue by including permission to file amended petitions, the orders of dismissal affected merely the offending pleadings and did not dismiss the action. Accordingly, such orders are not final judgments. Therefore, the rule of res judicata cannot apply."

It follows that the second judge erred in granting the Classes' ensuing motion to dismiss the amended petition on the ground of res judicata. Plaintiff was thus im-

properly deprived of its right to go to trial against the Classes on its amended petition for a mechanic's lien. This error compels us to remand the cause for adjudication of the mechanic's lien issue.

The judgment herein must be reversed and the cause remanded with instructions to set aside the July 29, 1965, order dismissing plaintiff's amended petition as to defendants Henry B. and Helma Classe, and to proceed to adjudicate same; that until that part of the cause is disposed of, plaintiff's verdict against defendant Voyles Construction Company be held in abeyance, and thereupon one judgment be entered disposing of all issues.

Costs incurred here and in the trial court should be taxed against defendant Voyles, except that the costs of the supplemental transcript filed by plaintiff and the docket fee paid by plaintiff should be taxed against defendants Henry B. and Helma Classe.

PER CURIAM.

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, judgment is reversed and the cause remanded with instructions to set aside the July 29, 1965, order dismissing plaintiff's amended petition as to defendants Henry B. and Helma Classe, and to proceed to adjudicate same; that until that part of the cause is disposed of, plaintiff's verdict against defendant Voyles Construction Company be held in abeyance, and thereupon one judgment be entered disposing of all issues.

Costs incurred here and in the trial court are taxed against defendant Voyles, except that the costs of the supplemental transcript filed by plaintiff and the docket fee paid by plaintiff are taxed against defendants Henry B. and Helma Classe.

RUDDY, Acting P. J., WOLFE, J., and JACK A. POWELL, Special Judge, concur.