The FIRST NATIONAL BANK OF COL-
ORADO SPRINGS, a National Banking
Association, Plaintiff-Appellant,

v.

MARK IV CO., a Co-Partnership consist-
ing of Ewell D. Harris and Marion Ru-
pard, Jr.; South Street Management
Company, a Colorado Corporation;
Ewell D. Harris, Individually; Marion
Rupard, Jr., Individually; Marjorie P.
Rupard, Individually; and the Public
Trustee of Douglas County, State of Col-
orado, Defendants-Respondents.

The FIRST NATIONAL BANK OF COL-
ORADO SPRINGS, a National Banking
Association, Plaintiff-Appellant,

v.

Marion RUPARD, Jr., and Marjorie P.
Rupard, Defendants-Respondents.

Nos. KCD29385, KCD29949.

Missouri Court of Appeals,
Western District.

Oct. 29, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 3, 1979.

Application to Transfer Denied
Jan. 15, 1980.

George E. Feldmiller, W. Perry Brandt, Stinson, Mag, Thomson, McEvers & Fizzell, Michael E. Waldeck, Stephen S. Brown, Niewald, Risjord & Waldeck, Kansas City, for plaintiff-appellant.

Kent Snapp, Richard L. Martin, Johnson, Lucas, Bush & Snapp, Kansas City, for Rupard.

Before DIXON, P. J., and ·TURNAGE and KENNEDY, JJ.

DIXON, Presiding Judge.

The complexities engendered by the filing of four separate lawsuits, each involving an attempt by plaintiff, The First National Bank of Colorado Springs, to register a foreign judgment obtained in the State of Colorado against the defendants Rupard, almost defy an orderly statement of the proceedings and issues in this case.

These two appeals were consolidated in this court. KCD29949 involved an appeal by plaintiff from a denial of relief in a declaratory judgment action in the Circuit Court of Platte County relating to a prior suit which is on appeal. KCD29385 is an appeal from the judgment of the Circuit Court of Jackson County in a suit attempting to register a. foreign judgment. Two other circuit court proceedings are peripherally involved: a suit in the Circuit Court of Jackson County, now voluntarily dismissed without prejudice, and a pending suit in the Circuit Court of Platte County, both of which latter mentioned suits are also attempts to register the same foreign judgment.

The issues involved may be summarily stated as the question of the validity of the dismissal of the Platte County suit for declaratory judgment and the right of the plaintiff to a nunc pro tunc order in the Circuit Court of Jackson County in the first suit filed.

Because of the complex proceedings and difficulty in following what has occurred by reference to circuit court numbers and designations of these cases in this court by two separate numbers, a simplified reference to each of the four separate litigations will be employed. The suits were filed in this order:

Plaintiff first filed a suit to register a foreign judgment in the Circuit Court of Jackson County, Missouri. This will be referred to as the "first Jackson County suit." Subsequently, and after a disputed disposition of that suit,[1] a second suit to register the foreign judgment was filed in Jackson County. That suit has been disposed of by a voluntary dismissal without prejudice and is only incidentally involved in this case. This will be referred to as the second Jackson County suit. The third suit was a suit filed in Platte County, Missouri, for the registration of a foreign judgment. That suit is still pending in Platte County and will be referred to as the "first Platte County suit." The fourth suit was filed in the Platte County Circuit Court by the same plaintiff, and it sounded in declaratory judgment to test a portion of the issues presented by the preceding litigation. That suit resulted in the trial court sustaining the defendants' motion for summary judgment.[2]

With that summary statement of the various suits, the proceedings in each of them will require statement in detail before any resolution of the issues presented may be made.

The initial action, the first Jackson County case, was commenced on April 26, 1976 by the filing of a Petition for Registration of a foreign judgment. An order was en-

tered registering the Colorado judgment against the defendants in Jackson County. On June 16, the defendants filed an answer attacking the registration upon the grounds that pleadings were defective and alleging a lack of jurisdiction in the Colorado court. On September 10 of 1976, the plaintiff filed a pleading which has given rise to the controversy in this case. That pleading was designated as follows: "VOLUNTARY DISMISSAL WITHOUT PREJUDICE." However, in the body of the pleading, there appears the following language: "Comes now plaintiff by and through its attorneys of record and voluntarily dismisses the above styled cause of action *with prejudice* at plaintiff's costs." (Emphasis supplied). On September 17, 1976, Judge Randall, who was then possessed of the cause, entered an order dismissing the action and setting aside the registration of foreign judgment. On September 10 and prior to the entry of this order of September 17, 1976, the plaintiff (apparently proceeding on the assumption that it had requested a voluntary dismissal without prejudice) commenced its second Jackson County action to register the judgment. That second Jackson County case was before Judge Meyers, and he, on the date of filing, entered an order registering the foreign judgment which the defendants moved to set aside on October 13, 1976. On October 28, 1976, Judge Meyers dismissed the plaintiff's second Jackson County action without prejudice and, on November 9, 1976, set aside the registration of foreign judgment in the second Jackson County case. However, on November 24, 1976, the court being advised that Rule 74.79(j) would require a finding that the setting aside of the registration of foreign judgment might be determined to be a final judgment on the merits he, therefore, set aside his ex parte November 9th order and entered another order. He made it clear that he was terminating the second Jackson County case on the ground of a lack of venue but that his order was not to be construed as a final judgment in favor of

---

1. This case is the subject of the appeal in KCD29385.

2. This case is the subject of the appeal in KCD29949.

the defendants so as to bar the plaintiff from attempting to register the Colorado judgment in a court with proper venue.

On that same day, November 9, 1976, the plaintiff filed a petition for registration of a foreign judgment in Platte County, Missouri, in what will be referred to as the first Platte County case. Sometime later in November, plaintiff became aware of the September 17th order by Judge Randall in the first Jackson County case. Plaintiff filed on December 3, 1976, a motion to set aside the September 17 order of Judge Randall in the first Jackson County case. On December 20, 1976, Judge Randall heard the motion to set aside the September 17 order and sustained the motion to set aside the September 17, 1976 order on the sole ground that the plaintiff had not been notified of the filing of the order and that plaintiff was entitled to be heard before an order which disposed of the litigation was entered. At that point, it must be noted that the first Jackson County case was then still pending before Judge Randall. The plaintiff's ambiguous pleading of dismissal was still filed and had not been responded to by any order of the court. It is also clear that all of the parties were by then aware of the difficulty engendered by the ambiguous pleading which contained the apparent contradiction with respect to the nature of the dismissal which the plaintiff sought. The plaintiff then filed the motion for an order nunc pro tunc correcting the record in Judge Randall's court asking that the record be corrected to reflect "that the voluntary dismissal filed September 10, 1976 was without prejudice . . . ."

Thereafter and on January 19, 1977, the defendants filed a motion to set aside the registration of foreign judgment in the first Jackson County case. On January 27, 1977, Judge Randall denied the plaintiff's motion for an order nunc pro tunc and on the 15th day of February, 1977, Judge Moore, to whom the case had been transferred, entered an order in the first Jackson County case setting aside the registration of foreign judgment. A notice of appeal was filed in the first Jackson County action on March 4, 1977. The proceedings, however, were not halted in the first Jackson County case for, on March 15, 1977, Judge Moore set aside his February 15 order which set aside the registration of foreign judgment. At that point, the first Jackson County case was still within the 30-day period within which the trial court retained jurisdiction. This action by Judge Moore was subsequent to the dismissal of the second Jackson County suit by Judge Meyers for a lack of venue. The crucial nature of the Judge Moore order of March 15, 1977, requires its inclusion in full:

"This Court's Order of February 15, 1977, is hereby set aside and in substitution thereof, the Court FINDS as follows:

1. An Order was entered on April 29, 1976, registering a foreign judgment in the captioned matter;

2. Plaintiff filed a voluntary dismissal of this action on September 10, 1976;

3. There has been no hearing on the merits of the allegations contained in plaintiff's Petition for Registration of Foreign Judgment filed April 26, 1976;

4. There has been no hearing on the merits of the allegations contained in the answer filed by defendants Marjorie P. Rupard and Marion Rupard, Jr. on June 16, 1976;

5. On May 6, 1976, plaintiff requested garnishment against Marjorie P. Rupard and Marion Rupard, Jr.;

6. A Motion to Quash the aforesaid garnishment was filed on August 5, 1976;

It is, therefore, further

ORDERED that the aforesaid Motion to Quash Garnishment. is sustained and that the aforesaid registration of foreign judgment dated April 29, 1976, be and is hereby held for naught.

Dated this 15th day of March, 1977."

Returning now to the proceedings in Platte County and recapping the posture of the litigation at this point, it is apparent that the records of the Circuit Court of Jackson County at that point reflected a termination of both the first and the second Jackson County cases with a notice of appeal pending in the first Jackson County

case. There was, likewise, pending the first Platte County case in which answer had been filed asserting the defense of dismissal with prejudice of the first Jackson County case. This had been filed January 21, 1977.

The plaintiff then, on April 12, 1977, filed the fourth and final case in Platte County which was an action for declaratory judgment to declare that plaintiff's pleading in the first Jackson County case be construed as a request for dismissal without prejudice. On the 1st day of December, 1977, the Circuit Court of Platte County proceeded to a hearing in the declaratory judgment action on the defendants' motion to dismiss. The defendants' motion to dismiss alleged that the pendency of the first Platte County litigation involving the same question provided an adequate remedy to the plaintiff. They further asserted that declaratory relief should be refused because it would not terminate the litigation between the parties as other defenses existed in the first Platte County suit which would require additional litigation beyond the declaratory judgment action. The plaintiff's Platte County case in declaratory judgment was dismissed on December 1, 1977, the court making no statement as to the basis for sustaining the motion to dismiss; and the plaintiff filed its notice of appeal on December 6, 1977.

The first issue to be decided is the claim of the First National Bank of Colorado Springs that the trial court erred in denying it relief under its motion for a nunc pro tunc order. Fundamental to that issue is the question of whether or not the denial of nunc pro tunc relief constitutes error material to the merits of the case. Rule 84.13(b). Thus, implicit in the issue is the question of the present posture of the first Jackson County case in terms of its effect as res judicata of the plaintiff's cause of action to register its foreign judgment which is now the subject of a pending action. If the record in the first Jackson County case does not support a claim that the petition of the First National Bank of Colorado Springs has been dismissed with prejudice, then the denial of nunc pro tunc relief is a moot question and cannot constitute material error. The basic and dispositive issue in re-

solving the underlying question of the effect of the proceedings in the first Jackson County case is the effect to be given to the proceedings related above which followed the filing of the First National Bank's ambiguous pleading. The initial analysis must be of the provisions of Rule 67.01. Rule 67.01 was amended, effective September 1, 1973, to obviate any need for a judicial order in connection with a dismissal filed before evidence was taken in the case.

■ At the time of the amendment of Rule 67.01, Rule 67.03 was likewise amended. The amendments to Rule 67.03 in 1973 were a change in the second sentence of Rule 67.03 to conform to the holding in *Denny v. Mathieu*, 452 S.W.2d 114 (Mo. banc 1970), and the third sentence was amended by adding language to include a failure to substitute with respect to a decedent, a matter not material here. What is material in a consideration of this case is the last sentence of 67.03, which is as follows:

"Any voluntary dismissal other than one which the party is entitled to take without prejudice, and any involuntary dismissal other than one for lack of jurisdiction, for prematurity of action, for improper venue or for failure to substitute a party for a decedent shall be with prejudice unless the court in its order for dismissal shall otherwise specify."

If the sentence is read without the parenthetical expression referring to dismissals without prejudice under 67.01 and without the exceptions, it would read as follows: "Any voluntary dismissal . . . , and any involuntary dismissal . . . shall be with prejudice unless the court in its order for dismissal shall otherwise specify." So read, the Rule would require an order of dismissal in all voluntary and involuntary dismissals not taken under the first sentence of Rule 67.01, whether with or without prejudice.

Before the amendment of Rule 67.01, there was a confusion in the case law as to whether an order of court was required on a voluntary dismissal without prejudice,

and the clear intent of Rule 67.01 was to eliminate the need for a court order in the narrow area of voluntary dismissals without prejudice before evidence is heard. If all voluntary dismissals were to be without order, that could have been easily specified. What must be concluded from the language of the rules is that only when a plaintiff exercises his right to dismiss without prejudice prior to the introduction of evidence is no order required, but that all other dismissals require an order which is to be with prejudice unless for one of the excepted reasons or if specified in the court order as being without prejudice.

The nature of the underlying cause of action and the procedures established by the statute for the registration of a foreign judgment may also deny application of Rule 67.01. Missouri, by § 511.760, has adopted the 1948 version of the Uniform Registration of Foreign Judgments Act prepared by the commissioners on uniform laws. 13 U.L.A. Civil Proc. and Rem. Laws 181 et seq. The Registration of Foreign Judgments Act was designed to substitute a procedure set forth in the statute for the common law right to sue in debt on the judgment in the instance of a plaintiff seeking enforcement of a judgment rendered by a sister state. The fundamental premise of the uniform act was to eliminate proof of the debt by requiring the plaintiff to produce evidence supporting the rendition of his judgment and left open to the judgment debtor only those defenses recognized by the law of this state with respect to any judgment. Examination of § 511.760 reveals that the procedure provided for is the filing by the plaintiff of a petition to register his judgment which requires only that the judgment be authenticated to show its validity in the state where it was obtained and the record of any proceedings subsequent to the judgment. Chapter 511 then provides for the registration of the judgment which automatically sets in motion the right of plaintiff registering the judgment to seek immediate process by way of execution. Section 511.760(6). This court has held that the process authorized by that section is not in aid of service but is in fact in aid of execution on the judgment. *Beneficial Finance Company of Houston v. Yellow Transit Freight Lines*, 450 S.W.2d 222, 225 (Mo.App.1969). Once the plaintiff has procured an order of registration and either personally served the defendant or undertaken execution against property of the defendant, then absent a plea of an affirmative defense supported by proof, the plaintiff's foreign judgment becomes a final judgment in this state subject to execution and enforcement as any other judgment. It is thus apparent that, absent an affirmative defense tendered to the foreign judgment, no further evidence is required before the registration of the judgment becomes final. In effect, the statute provides only for evidence by the plaintiff by way of authentication of the judgment insofar as the plaintiff's proof in the action is concerned. Any other evidence taken would be in connection with the affirmative defenses tendered by the defendant. Thus, under the statute concerning the registration of foreign judgments, when the petition is filed and the authenticated judgment presented to the court and the order of registration entered, the plaintiff's proof is complete. This fundamental difference in the cause of action makes the provisions of Rule 67.01 concerning the voluntary dismissals before the taking of evidence inapposite. The order of registration under the act, although not lending itself readily to characterization, bespeaks an interlocutory or preliminary judgment and not a preliminary motion or proceeding prior to the trial of the issue. Absent affirmative pleading of a defense, there is no trial in the registration of a foreign judgment, and the failure of the defendant to assert affirmative defenses within the prescribed period causes the order of registration to become final in the proceedings. Section 511.760(7).

In the instant case, the anomalous situation was presented that if the plaintiff's voluntary dismissal terminated the trial court's power to make any further orders, the garnishment effected by the plaintiff on August 5 would have remained outstanding and subjected the garnishee to potential

liability and the necessity for determining the effect of the garnishment. So, too, the provisions of § 511.760 concerning the order of registration and its effect as a cloud on the title of any property of the defendant would constitute a continuing source of concern unless the order of registration itself were in some fashion shown to be without further effect.

The defendant in the instant case recognized those difficulties and sought the order of the court quashing the garnishment and terminating the order of registration. Once the *sui generis* nature of the proceeding to register a foreign judgment is recognized, the provisions of Rule 67.01 relating to voluntary dismissal before taking of evidence have no logical relevancy.

Applying this analysis of Rules 67.01 and 67.03 and the underlying action to the instant case, it must be concluded that this court must determine the nature of the order which the court entered in the final stages of the first Jackson County case. The defendants stoutly assert that the pleading filed by the plaintiff bank constituted a dismissal with prejudice, but they do not in their brief present any authority for the proposition that such a pleading is not subject to the requirement of Rule 67.03 that the order of the court specify the nature of the dismissal.

The construction of Judge Moore's order of March 15, 1977 [3] must be undertaken to determine the status of the first Jackson County case. That construction is to be accomplished under certain settled principles relating to construction of judgments. A judgment is to be construed in the light of what a court should have done, *Burgdorfer Electric Company v. Voyles Construction Co.*, 432 S.W.2d 387, 392 (Mo. App.1968), and in cases of doubt concerning the meaning of the judgment entered, the entire record may be examined and considered. *Allen v. Gibbons*, 425 S.W.2d 243

(Mo.App.1968); *State ex rel. Anderson Motor Service Co. v. Public Service Commission*, 234 Mo.App. 470, 134 S.W.2d 1069, 1079 (1939). A judgment is to have a reasonable intendment and is to be construed "'"in light of the situation of the court, what was before the court, and the accompanying circumstances (citing case)."'" "[I]ts meaning should be determined in the light of the character and objective of the proceeding culminating in the judgment." *Jeans v. Jeans*, 314 S.W.2d 922, 925 (Mo. App.1958).

Applying those principles of construction to the judgment entered by Judge Moore, a recital of the salient facts will aid in the construction to be afforded the final dispositive portion of Judge Moore's order. Judge Moore was aware of the dispute between the parties and the status of the record with respect to the filing of pleadings by the defendants as indicated by the recitals in his order. His order further makes it plain that he was aware there had been no determination of the issues raised by the pleadings insofar as the plaintiff's petition was concerned and, likewise, no hearing on the merits with respect to the allegations of the defendants' answer as evidenced by his recitation of those record facts in his findings preceding the decretal portion of his judgment. Judge Moore was aware of the entire controversy surrounding the ambiguous pleading filed by the plaintiff seeking the dismissal of the action because that dispute is set forth in the proceedings relating to the nunc pro tunc motion. Under Rule 67.03, the recitals just mentioned, of the judge's awareness that *no* hearing on the merits had occurred with respect to either the allegations of the petition nor the allegations of the answer, become particularly important in the light of Judge Moore's action before signing the March 15th order when he changed the last three words in his own hand substituting "held for naught" for the typewritten words "set aside." [4] This unquestionably

---

**3.** All other orders concerning the matter had been rescinded.

**4.** The true copy filed in Platte County does not show James Moore's signature but the Deputy

Clerk's facsimile of it. The court file, however, contains the original order signed by Judge Moore with the changes made in ink.

was done in the light of Rule 74.79(j) which provides that an order setting aside a registration of a foreign judgment constitutes a final judgment in favor of the judgment debtor. Thus, the facts known to Judge Moore and recited by him in his findings showed a situation where the plaintiff was entitled to a voluntary dismissal without prejudice. Judge Moore personally altered his own order from its original typed form to one which would reflect a judgment that was not final in the sense of being a determination upon the merits in favor of the defendant.

From what has been said, it must be held that Judge Moore's order amounted to a construction of the ambiguous document filed by the plaintiff as being a request for a voluntary dismissal without prejudice. The order also shows a recognition by him that the registration of the foreign judgment accomplished by the filing of plaintiff's petition, as well as the quashing of the garnishment issued upon that registration, was required in order to clear the court's record of any implication that a proceeding was still pending in the Jackson County Circuit Court relating to such foreign judgment. In that respect, the case is similar to the case of *State ex rel. Tucker v. Mattingly*, 275 S.W.2d 34 (Mo. App.1955). In that case, the court construed the judgment in the prior case upon the basis of a memorandum filed by the court and concluded that the prior judgment had not reached the merits of the case. There was not an adjudication on the merits in the prior case, and it was, therefore, not res judicata in the case under consideration. The court, therefore, reversed a motion to dismiss based upon a finding of res judicata. So considered, it must be held that Judge Moore's order of March 15, 1977, while concluding and terminating the proceedings in the first Jackson County suit, was not an adjudication upon the merits but was a termination of that suit without prejudice to the continuance of the plaintiff's cause of action in a proper forum and with proper pleadings. From what has been said, it is apparent that the termination of the first Jackson County suit

does not constitute a bar or impediment to the pending cause of action of the plaintiff in Platte County.

In *Burgdorfer, supra*, in dealing with the construction of an order overruling a motion to vacate an order dismissing a petition and, alternatively, requesting leave to file an amended petition, the court construed the order as being a dismissal of the original petition but not a dismissal of its right of action, this holding being on the ground that what the court should have done is a proper factor in construing the judgment the court actually entered. So here, in the light of all of the circumstances in this record and in the proper application of Rule 67.03, the court should have and did construe the ambiguous pleading of plaintiff bank finding as noted that the intent was to conclude the first Jackson County suit without prejudice.

The issues with respect to denial of plaintiff's request for nunc pro tunc order need no further exploration, for the action of the trial court in denying a nunc pro tunc order has not resulted in any aggrievement of the plaintiff in the light of the construction placed upon Judge Moore's order of March 15, 1977. The judgment entered by Judge Moore amounted to an acceptance of the request for nunc pro tunc relief as a request for an amendment to the pleading filed.

The second appeal, KCD29949, involves the correctness of the trial court's action sustaining a motion to dismiss the declaratory judgment action in Platte County. This dismissal was clearly and unequivocally correct on at least two grounds. First, there was another suit pending in Platte County involving exactly the same parties, exactly the same subject matter, and exactly the same issues, to-wit: the determination of the effect of the pleading requesting a dismissal filed in the first Jackson County suit.

Additionally, it is apparent that even if the plaintiff had prevailed in its suit for declaratory judgment, the litigation between the parties would not have been concluded because there still remained issues pending in the first Platte County suit for

the registration of the foreign judgment. Whether this latter principle is viewed as a special application of the rule of another suit pending or if the principle of declaratory judgment relief that declaratory judgment will not be afforded to try a case piecemeal, the result is the same and the trial court in Platte County properly dismissed the plaintiff's suit for declaratory judgment.

In any event, the relief requested in the declaratory judgment action has been rendered moot since the opinion in this case has necessarily construed the order in the first Jackson County case.

It follows then that the judgment of the Circuit Court of Jackson County in No. 76–2098 is affirmed as herein construed. The judgment in the Circuit Court of Platte County, No. 77–231, is affirmed.

All concur.