**Mary Kathryn McMINN, Respondent,**

v.

**Lloyd Dean McMINN, Appellant.**

No. WD 48589.

Missouri Court of Appeals,
Western District.

July 5, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 30, 1994.

Application to Transfer Denied
Oct. 25, 1994.

Steven D. Wolcott, Liberty, for appellant.

Daniel J. Devine, Kansas City, for respondent.

Before HANNA, P.J., and BRECKENRIDGE and ELLIS, JJ.

ELLIS, Judge.

On March 29, 1991, the 302nd Judicial District Court of Dallas County, Texas issued an Agreed Order Granting Judgment against Appellant, Lloyd Dean McMinn (Lloyd), and in favor of Respondent, Mary Kathryn McMinn (Mary), for back child support in the amount of $21,235.64 bearing interest at ten percent per annum compounded annually. On June 4, 1991, Mary filed a document, designated a "Petition for Registration of Foreign Judgment," in the Circuit Court of Clay County, Missouri praying that the Texas judgment be registered in the Clay County court. On June 25, 1993, two years after the "Petition for Registration of Foreign Judgment" had been filed, Mary filed a Request and Order for Execution in the Clay County Circuit Court. Pursuant to Rule 76.-25, Lloyd filed a Motion to Quash Execution on September 3, 1993, asserting that Mary's Texas judgment was not properly registered in Clay County because the "Petition for Registration of Foreign Judgment" had attached to it a certified copy of the Texas judgment rather than an authenticated copy. On September 15, 1993, a hearing was held after which Lloyd's Motion to Quash Execution was denied.

From the sparse record before us, we cannot ascertain all relevant dates, nor can we determine compliance with Rule 76.06(a) providing for levy upon real estate, Rules 76.15, 76.16 and 76.18 relating to execution sales of real estate, and Rule 76.23 pertaining to deeds for real estate sold under execution. However, we do know that Lloyd's residential real estate in Avondale, Missouri was sold by the Clay County Sheriff pursuant to the execution and, on October 12, 1993, the Sheriff executed his deed conveying the real estate to the purchaser. Lloyd appeals the judgment of the circuit court denying his Motion to Quash Execution.

Our standard of review is set out in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment must be affirmed unless there is not substantial evidence to support it, the judgment is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*

The sole point raised by Lloyd on appeal is that the Clay County Circuit Court misapplied the law in denying his Motion to Quash Execution. He argues that since an authenticated copy of the Texas judgment was never filed in the Missouri court, the judgment was not registered in Missouri, and therefore, the Clay County Circuit Court lacked subject matter jurisdiction to issue the execution. The validity of the original Texas judgment is not challenged. The issue is whether Mary's Texas judgment was properly registered in the Missouri court, entitling her to execute on Lloyd's Missouri property.

The resolution of this case revolves around the application of the Uniform Enforcement of Foreign Judgments Act (the "Act"). The Missouri General Assembly enacted the Act in 1951. *See* Laws of Mo.1951, p. 358. The Act was codified as § 511.760, RSMo 1959. Subsequently, our Supreme Court adopted the Rules of Civil Procedure, including former Rule 74.79, which contained the same language as § 511.760. On May 22, 1987, the Supreme Court adopted current Rule 74.14, "Uniform Enforcement of Foreign Judgments," to be effective January 1, 1988, and repealed Rule 74.79 effective the same date. Under Rule 41.02, the Supreme Court of Missouri had the authority to promulgate Rule 74.14 and, pursuant to Rule 41.02, Rule 74.14 supersedes all statutes and court rules inconsistent with it. *See Reichert v. Lynch*, 651 S.W.2d 141, 143 (Mo. banc 1983); *Ridgeway v. Asibem, Inc.*, 810 S.W.2d 352, 353 (Mo.App.1991). Therefore, § 511.-760, RSMo 1986, does not apply: Rule 74.14 does.

Rule 74.14(b) states:

A copy of any foreign judgment *authenticated in accordance with the act of Congress or the statutes of this state* may be filed in the office of the clerk of any circuit court of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the circuit court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for re-

opening, vacating, or staying as a judgment of a circuit court of this state and may be enforced or satisfied in like manner. (Emphasis added.)

The key provision of the rule is the requirement that the copy of the foreign judgment be authenticated. Lloyd's sole argument, as mentioned above, is that Mary's judgment was not properly registered because she merely filed a certified copy of the Texas judgment.[1]

■ The procedure for authentication is described in 28 U.S.C.A. § 1738 (West Supp. 1994). It states:

The records and judicial proceedings of any court of any State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States ... by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

Such authenticated copies are to be given full faith and credit in every court within the United States. *Id.* Similarly, § 490.130, RSMo 1986, states, in pertinent part:

The records and judicial proceedings of any court of the United States, or of any state, attested by the clerk thereof, with the seal of the court annexed, if there be a seal, and certified by the judge, chief justice or presiding associate circuit judge of the court to be attested in due form, shall have such faith and credit given to them in this state as they would have at the place whence the said records come.

Consequently, in order to be given full faith and credit in a Missouri court, the foreign judgment must be authenticated: it must bear the attestation and seal of the clerk of the court as well as the certification of a judge.

In this case, Mary's Petition for Registration of Foreign Judgment contained a copy of her Texas judgment which had been certified by the Clerk of the 302nd District Court of Dallas County, Texas but which had not been authenticated by a judge. It is her contention that the Circuit Court found certification adequate for registration of her judgment, and the matter became *res judicata.* She further reasons that since Lloyd did not object or offer a defense at the time she filed her "Petition for Registration of Foreign Judgment," with the certified copy attached, we should affirm the circuit court, holding that the certified copy was adequate to register her foreign judgment.

In determining whether strict compliance with the authentication requirement is necessary, it is important to consider its purpose. Prior to the Act, under the full faith and credit clause of the federal Constitution (U.S. Const. art. IV, § 1), in order to execute on property in a state other than the one issuing the judgment, a judgment creditor was required to bring a new action in the new jurisdiction, as the full faith and credit clause merely allows the bringing and maintenance of actions based on extrastate judgments. *See* Robert A. Leflar, *American Conflicts Law* § 71, at 133–37 (1968). It requires courts to give the same conclusive effect to the judgments of other states as those judgments would receive in the state in which they were rendered. *Id.* The Uniform Enforcement of Foreign Judgments Act was designed to substitute a statutory procedure for the common law right to sue on the judgment where a plaintiff was seeking enforcement of a judgment in another state. *First Nat'l Bank v. Mark IV Co.,* 591 S.W.2d 63, 69 (Mo.App.1979). It was also intended to facilitate the enforcement of foreign judgments by providing a quick and convenient procedure for registration of foreign judgments in sister states. *See Overman v. Overman,* 514 S.W.2d 625, 628 (Mo.App.1974).

■ The Act, as it was codified in § 511.-760, RSMo 1959, and former Rule 74.79, drastically simplified the procedure for regis-

---

1. Mary McMinn could have brought a new action in Clay County to enforce her Texas judgment rather than simply attempting to register her judgment under the Act. Rule 74.14(e) provides, "The right of a judgment creditor to bring an action to enforce his judgment instead of proceeding under this Rule 74.14 remains unimpaired." *See W.B.M. v. G.G.M.,* 579 S.W.2d 659, 661 (Mo.App.1979) (§ 511.760 "recognizes the alternative or common-law method of bringing an action to enforce an out-of-state judgment.") Mary chose not to do so.

tration. Not only did the Act merely require the judgment creditor to prove the existence of a valid judgment in a sister state, but the defendant was barred from raising defenses in the new jurisdiction that could have been raised in the original case. After application for registration in the new jurisdiction, the defendant could only raise defenses pertaining to lack of subject matter jurisdiction, failure to give due notice to the defendant, or "fraud in the concoction or procurement of the judgment." *In re Aldridge*, 841 S.W.2d 793, 797 (Mo.App.1992) (citations omitted). In fact, absent the affirmative pleading of one of the defenses listed above by the judgment debtor, there is no trial in the registration of a foreign judgment. *First Nat'l Bank*, 591 S.W.2d at 68.

■ Since the procedure under the Act eliminated due process in the new jurisdiction, it was very important that the registering court be assured that the judgment in the sister state was valid, so it could be certain that the defendant received proper due process at least once in the action. Thus, the purpose of the authentication requirement is to verify, through certification of a judge in the sister state, that the prior judgment is valid, and the defendant received adequate constitutional due process.

The Act, as embodied in § 511.760 and former Rule 74.79, required both the filing of a verified petition and an authenticated copy of the foreign judgment in order to protect the judgment debtor's rights. Rule 74.14 simplified the procedure even further by eliminating the requirement for a verified petition. Consequently, the *only substantive requirement left* under Rule 74.14 is authentication. *See Note on 1988 Amendment* to Rule 74.14, *reprinted in* 16 Eric Ziegenhorn, *Missouri Practice: Civil Rules Practice* 99 (1994 Pocket Part).[2] This makes the authentication requirement even more important. It is obviously necessary to ensure that only proper and valid foreign judgments will be enforced in Missouri. The new rule has eliminated all other safeguards preventing

invalid or otherwise improper judgments from being enforced. The additional step of requiring the sister state judge's certification is essential to assure the Missouri court that the prior judgment is valid.

Mary did not file an authenticated copy of her judgment. She did not, obviously, comply with the rule and therefore, did not effectuate registration of her Texas judgment in Missouri. Since the judgment was never registered, the Clay County Circuit Court lacked subject matter jurisdiction such as to permit issuance of an execution on the judgment.

Our conclusion is supported by authority interpreting and applying § 511.760 and former Rule 74.79. Although it dealt with the requirement in the statute and the former rule that the petition for registration be verified, not the authentication requirement, *American Indus. Resources, Inc. v. T.S.E. Supply Co.*, 708 S.W.2d 806 (Mo.App.1986) is applicable. In that case, American had attached an authenticated copy of its foreign judgment to its petition for registration, but the petition was not verified. The court held this failure to comply with the rule denied the trial court registering the foreign judgment of subject matter jurisdiction. The court said:

> The traditional concept of subject matter jurisdiction in a statutory proceeding is that strict compliance with the statutory requirements set out by the legislature is necessary to confer subject matter jurisdiction upon the trial court. Restated, where a trial court's subject matter jurisdiction arises solely by statutory creation, absent conformity with the statute, no such jurisdiction exists in the trial court.

*Id.* at 808. It then concluded:

> Thus, strict adherence to the statutory requirements has great importance where one attempts to enforce the liability imposed by another jurisdiction on a citizen of Missouri through registration of a foreign judgment.

**2.** Although Mary filed a verified petition for registration, she was not required to do so under Rule 74.14. All she had to do was file an authenticated copy of her Texas judgment along with an

affidavit setting forth the last known post office address of herself and Lloyd. Rules 74.14(b) and (c).

*Id.* The court held that since American had not filed a verified petition, the court lacked subject matter jurisdiction, and therefore, American was not entitled to a final judgment of registration. *Id.; see also Drury Displays, Inc. v. Board of Adjustment,* 760 S.W.2d 112, 114 (Mo. banc 1988) (*American Industrial* stands for the proposition that "no final judgment affording relief to a plaintiff can be entered on an unverified petition in proceedings in which verification is required.")

As in the case before us, in *HBE Leasing Corp. v. Eckilson,* 769 S.W.2d 178 (Mo.App. 1989), the plaintiff's verified petition seeking registration of a Florida judgment contained a certified, but not authenticated, copy of the Florida judgment. Citing *American Industrial,* the court noted that "[c]ompliance with statutory procedure has been regarded as mandatory." *Id.* at 182. The court also pointed out that "the framers of the uniform act from which § 511.760 and former Rule 74.79 were taken considered careful compliance with the statutory provisions necessary to avoid constitutional infirmity in a proceeding to register a foreign judgment." *Id.* It then held, as did the court in *American Industrial,* that since the statute was not complied with, the trial court lacked subject matter jurisdiction in the action. *Id.* at 183.[3]

Consequently, we conclude that Mary's Texas judgment was never properly registered in Missouri because she did not file an authenticated copy of the Texas judgment. We therefore hold that the Clay County Circuit Court lacked subject matter jurisdiction to issue the execution in the case at bar because there was no valid judgment in Missouri upon which it could be issued. As a result, the court below erred in failing to sustain Lloyd's motion to quash the purported execution.

We therefore reverse and remand the judgment of the trial court, with directions that the court enter an order quashing the execution, and declaring all proceedings pursuant to the execution, including the levy on Lloyd's real estate, the Sheriff's sale of same, and the Sheriff's deed conveying the real estate, to be void and of no force or effect.

All concur.

---

**3.** Although *HBE Leasing* was decided after January 1, 1988 (the date the new Rule 74.14 went into effect), the court applied Rule 74.79 and § 511.760 because the judgment registering the foreign judgment was entered on March 4, 1987. *HBE Leasing,* 769 S.W.2d at 178–79.