Doyce **GENTRY** d/b/a Tesco Driveaway
Co., Appellant,

v.

**RUSH TRUCK LEASING, INC.**
d/b/a **Rush Crane Systems,**
Respondent,

No. WD 62237.

Missouri Court of Appeals,
Western District.

Dec. 16, 2003.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 27, 2004.

Charles E. Hammond, Overland Park, KS, for appellant.

A. Bradley Bodamer, Erin N. Schmidt, Kansas City, MO, for respondent.

Before JAMES M. SMART, JR., P.J., ROBERT G. ULRICH, and LISA WHITE HARDWICK, JJ.

JAMES M. SMART, JR., Judge.

Doyce Gentry appeals the registration of a foreign judgment in Missouri. In the name of a dissolved corporation, Doyce Gentry had entered into a contract with Rush Truck Leasing, Inc. Rush Truck brought suit in Texas against Gentry for breach of contract. Gentry did not defend, and the court entered a default judgment. Rush Truck registered the judgment in a Missouri trial court. Gentry moved to set aside the registration. The court refused to set aside the registration. Gentry appeals the registration of the Texas default judgment in Missouri. First, he claims that the trial court erred when it denied his petition to set aside the registration without holding a hearing. Second, he contends that the subsequent reinstatement of the dissolved corporation now relieves him of personal liability. We affirm the judgment of the trial court.

## Factual Background

On July 17, 2000, Doyce Gentry, in the name of Tesco Driveaway Co., entered into a contract with Rush Truck Leasing, Inc. At that time, Tesco was a dissolved Missouri corporation, having been dissolved three years earlier in 1997. The contract terms provided that Tesco would deliver a crane owned by Rush Truck from San Antonio, Texas, to Portland, Oregon. While transporting the crane, one of Gentry's employees was in an accident, and the crane was damaged.

Rush Truck brought a breach of contract action against "Doyce Gentry, d/b/a Tesco Driveaway Co." in the County Court at Law in Comal County, Texas. Gentry was served with process. The Texas court held a hearing and entered a default judgment in favor of Rush Truck after Gentry failed to answer the petition or appear in court. On January 23, 2002, Rush Truck filed its foreign judgment in the Circuit Court of Jackson County, Missouri. On February 5, 2002, the Jackson County court notified Gentry that the foreign judgment had been registered in Jackson County.

On February 8, 2002, Tesco's corporate charter was reinstated. On March 12, 2002, Gentry filed a petition to set aside registration of the foreign judgment. The Jackson County Circuit Court denied this petition without holding a hearing. This appeal follows.

## Analysis

■ *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), governs our review of the registration of a foreign judgment. *McMinn v. McMinn*, 884 S.W.2d 277, 278 (Mo.App.1994). We must affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*

Gentry claims that the trial court erred when it denied his petition to set aside registration of the Texas judgment without holding a hearing. He contends that section 511.760 [1] entitled him to a hearing.

■ Section 511.760, or the Uniform Enforcement of Foreign Judgments Law ("The Uniform Law"), allows a plaintiff to register a foreign judgment by filing an authenticated copy of the judgment in the court. The statutory procedure is more streamlined than that under the common law, which requires the plaintiff to produce evidence supporting the rendition of the judgment before it can be registered. *First*

1. Unless otherwise noted, all statutory refer- ences are to Revised Statutes of Missouri.

*Nat'l Bank of Col. Springs v. Mark IV Co.,* 591 S.W.2d 63, 68 (Mo.App.1979). The Uniform Law states in pertinent part:

> If the judgment debtor fails to plead within thirty days after jurisdiction over his person has been obtained, or if the court after hearing has refused to set the registration aside, the registered judgment shall become a final personal judgment of the court in which it is registered.

§ 511.760.7. In asking the court to set aside the registration, the judgment debtor may assert only those defenses he has against the enforcement of that judgment. *First Nat'l Bank,* 591 S.W.2d at 68. A sister-state judgment is entitled to full faith and credit unless: (1) the court lacked jurisdiction over the subject matter, (2) the judgment debtor did not receive proper notice, or (3) the judgment was procured through fraud. *In re Storment,* 873 S.W.2d 227, 230 (Mo. banc 1994). The Uniform Law does not require a hearing unless one of these affirmative defenses is applicable. *McMinn,* 884 S.W.2d at 280.

In this case, Rush Truck properly authenticated its judgment. The Missouri court sent notice of the registration to Gentry. In his petition to set aside the registration, Gentry argued that the Texas trial court did not have "jurisdiction" over him. However, he did not allege he was not properly served or that he did not receive proper notice. He essentially argued that any debt is really the corporation's debt and not his. Such assertion does not constitute a legal defense to registration. That also is a matter that Gentry could have raised in the Texas court. Because he did not plead a legal defense to registration, Gentry was not entitled to a hearing under section 511.760.7.

Gentry argues that Tesco's reinstatement, which occurred three days after the Missouri court sent notice of the registered judgment, relieves him of personal liability under the contract. Section 351.488, he argues, provides that the reinstatement of a corporate charter relates back to the date of dissolution. As a result, Gentry contends that the contract here became a valid corporate act when Tesco was reinstated. However, Gentry again ignores the fact that this claim does not fall within one of the three grounds for challenging registration of a foreign judgment. It must, therefore, be denied.

The Federal Constitution requires each state to give "Full Faith and Credit ... to the ... Judicial Proceedings of every other State." U.S. CONST. art. IV, § 1. Gentry had an opportunity to defend against individual liability in Texas, but chose neither to answer the petition nor appear in court. The Full Faith and Credit Clause precludes him from re-litigating this action. We must give the default judgment the same effect as it would be given within Texas.

### Conclusion

For the foregoing reasons, the judgment is affirmed.

ULRICH and HARDWICK, JJ., concur.