**SLAY WAREHOUSING COMPANY, INC., a corporation, Appellant,**

v.

**RELIANCE INSURANCE COMPANY, a corporation, Appellee.**

No. 73-1422.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 17, 1973.

Decided Jan. 2, 1974.

Edward R. Joyce, St. Louis, Mo., for appellant.

Joseph L. Leritz, St. Louis, Mo., for appellee.

Before LAY and BRIGHT, Circuit Judges, and EISELE, District Judge.*

PER CURIAM.

This case is before the Court for the second time. As a result of the first appeal the Court remanded the case for a redetermination of damages. *See* Slay Warehousing Co. v. Reliance Insurance Co., 471 F.2d 1364 (8th Cir. 1973). Up-

on remand the parties entered into a stipulation as to the amount of damages due appellant. Left to the trial court under the stipulation was the question of prejudgment interest. Slay Warehousing contended that it was entitled to interest computed from July 1, 1965, the date of its demand for certain payments pursuant to the insurance contract between the parties. The trial court denied the request for interest and appellant has brought that denial before this Court for review.

 Missouri law governs the issue and the relevant statute reads as follows:

> Creditors shall be allowed to receive interest at the rate of six per cent per annum, \* \* \* for all moneys after they become due and payable, on written contracts.

Mo.Rev.Stat. § 408.020 (1949). The Supreme Court of Missouri consistently has held the statute requires an award of prejudgment interest where the amount due is readily ascertainable though not strictly liquidated. *See* Denton Construction Co. v. Missouri State Highway Commission, 454 S.W.2d 44, 59–60 (Mo.1970); Laughlin v. Boatmen's National Bank, 354 Mo. 467, 189 S.W.2d 974, 979–980 (1945). In addition, the Missouri Court has recognized that prejudgment interest on a readily ascertainable sum is not in the nature of a penalty, but is a part of the measure of damages.[1] Indeed, the award of prejudgment interest in a case in which Section 408.020 is applicable is not a matter of court discretion; it is compelled. *See* Denton Construction Co., *supra*, 454 S.W.2d at 60.

 Thus the issue for this Court becomes whether the amount due under the insurance contract was readily ascertainable. On July 1, 1965 plaintiff made demand upon defendant for a sum repre-

---

\* G. Thomas Eisele, District Judge, Eastern District of Arkansas, sitting by designation.

1. "On principle there is no reason for denying interest when the action is in *quantum meruit* and the claim is unliquidated in the sense that the amount is to be measured and deter-

mined by the standard of the reasonable value of the services \* \* \* If the defendant is liable \* \* \* he is under a legal duty to liquidate the sum due and interest should be allowed from the time when he should have paid." Laughlin v. Boatmen's National Bank, 189 S.W.2d 974, 979 (Mo.1945).

senting an amount expended in salvage operations, initiated in an attempt to mitigate damages that resulted from an accident covered under the defendant's policy. Although the sum demanded was far in excess of the sum finally stipulated as owing, the supporting statements that accompanied the July 1, 1965 demand provided a basis to ascertain the amount owed appellants; therefore, the statute applies and prejudgment interest must be paid from the date of demand. *See* United States Fidelity & Guaranty Co. v. Empire State Bank, 448 F.2d 360, 368–369 (8th Cir. 1971); American Insurance Co. v. First National Bank, 409 F.2d 1387, 1392 (8th Cir. 1969); Eastmount Construction Co. v. Transport Manufacturing & Equipment Co., 301 F.2d 34, 42–43 (8th Cir. 1962). Accordingly, we reverse and remand for entry of judgment in accordance with this opinion.

Reversed and remanded.