Craig CALLAWAY, a minor, by and through Kay Callaway, his mother or Next Friend, Appellant,

v.

Chris LILLY, a minor, Respondent.

No. 41456.

Missouri Court of Appeals, Eastern District, Division Two.

July 15, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 12, 1980.

Application to Transfer Denied Oct. 15, 1980.

---

Donald S. Hilleary, Susan B. Blaney, Clayton, for appellant.

Paul E. Fitzsimmons, Clayton, for respondent.

GUNN, Presiding Judge.

Plaintiff appeals from an unfavorable jury verdict in his personal injury action against defendant. His appeal raises four points of alleged error: (1) that he was prevented from cross-examining defendant's counsel concerning his employment by an insurance company; (2) portions of defendant's deposition, purportedly statements of admission, were excluded; (3) that his separate instructions relating to the standard of conduct of plaintiff and defendant, both minors, were wrongfully rejected; (4) defendant's counsel was twice permitted to misstate the law in closing argument. We affirm.

At the time of the incident giving rise to this litigation, plaintiff and defendant were

sixteen years of age. As they were waiting for their school bus on a Washington, Missouri street corner, a friend of the plaintiff approached in his automobile. The testimony as to what next took place causing plaintiff's injury differed mightily. Plaintiff contends that he was pushed into the path of the oncoming auto by defendant and in his successful effort to avoid being struck, he fell to the ground, fracturing his hip. Defendant's evidence was that as the plaintiff was somewhat gambolling as his schoolmate's auto approached, he leaned over into the street. Defendant then grabbed the plaintiff by the shoulder to straighten him up. He then stepped back to allow plaintiff to also retreat onto the curb. Instead, according to defendant, plaintiff deliberately ran directly in front of the oncoming vehicle and was struck by it. Plaintiff's version was that there was no contact between him and the auto. The jury took fourteen minutes to decide the issues in defendant's favor.

■ The insurance issue arises rather uniquely. At the close of plaintiff's case, his attorney was permitted to read his petition and defendant's initial answer. The petition alleged defendant's negligence. The initial answer filed admitted all the allegations of plaintiff's petition—an inadvertent mistake by defendant's counsel corrected by an amended answer filed with court approval. Defendant's attorney was then permitted to take the stand to briefly explain the errors in the original answer and read the amended answer denying the allegations of plaintiff's petition. On cross–examination of defendant's attorney the following occurred:

Q. [Plaintiff's attorney] All right. Now, you are employed by whom to defend this case?

A. [Defendant's attorney] I am defending this case on behalf of Chris Lilly.

Q. You have been employed by State Farm Fire and Casualty Company, have you not, to defend this action?

The trial court while overruling defendant's motion for mistrial instructed the jury to disregard the question.

Plaintiff argues on appeal that the launch into the matter of insurance was a proper line of inquiry. It was not. Defendant's insurer was not a party of record, and the fact that the defendant had partial insurance coverage was totally irrelevant to the issues.[1] Reference to the insurance coverage in this instance was impermissible. *Halford v. Yandell*, 558 S.W.2d 400 (Mo. App.1977); *Bridgeforth v. Proffitt*, 490 S.W.2d 416 (Mo.App.1973); *Stafford v. Far–Go Van Lines, Inc.*, 485 S.W.2d 481 (Mo.App.1972). The trial court did not err in directing the jury to disregard the inquiry into insurance.

Plaintiff seeks to justify the insurance inquiry by showing the interest and bias of defendant's counsel so that the jury could weigh and determine the credibility of his testimony. *Galovich v. Hertz Corp.*, 513 S.W.2d 325 (Mo.1974). But in this case the partiality of defendant's counsel was already before the jury by his acknowledged representation of the defendant. Whether he was paid or employed by an insurance company was not germane to any issue.

■ This was not a situation where the insurance company was the real defendant by conducting a defense on its own behalf. *Galovich v. Hertz Corp.*, 513 S.W.2d at 330. Nor was the inquiry needed to establish that the attorney had some special interest in the case so that his identity should be disclosed to give the jury knowledge of his motive or bias affecting his testimony. He was not, for example, a special investigator, medical expert, or photographer appearing to be a nonbiased expert witness testifying to facts bearing directly on the merits of the case although, in fact, paid by an insurance company. *See, e.g., Jablonowski v. Modern Cap Manufacturing Co.*, 312 Mo. 173, 279 S.W. 89 (banc 1925); *Galovich v. Hertz Corp.*, 513 S.W.2d at 330; *Wren v. St. Louis Public Service Co.*, 355 S.W.2d 365 (Mo.App.1962). The situation here is manifestly distinguishable from the foregoing examples. At the very least, there was no

---

**1.** The insurance coverage was $25,000; the plaintiff was seeking $40,000 in damages.

abuse of the trial court's substantial discretion in directing the jury to disregard the comment regarding insurance. *Means v. Sears, Roebuck & Co.*, 550 S.W.2d 780 (Mo. banc 1977). The question should not have been asked.[2]

Plaintiff's second point of alleged error relates to the following portion of the defendant's deposition which the trial court did not let the jury hear:

Q. [Plaintiff's attorney] Didn't you think that would be dangerous to hold somebody there even for a second with a car approaching at thirty–five or forty miles an hour?

MR. FITZSIMMONS: For the record, I would object. He said he held him up and let go.

[Plaintiff's attorney]: He said "a second."

Did you think that would be dangerous?

A. Not when the car was halfway up the block.

Q. If the car was closer you would think it was dangerous, wouldn't you?

A. Yes.

At trial defendant's attorney objected to the question on the ground that the answer called for a jury–invading conclusion as to whether defendant's action was "dangerous". Plaintiff contends it was an admission against interest. The rationale for the admissibility of admissions against interest is that a party should be held responsible for statements of fact or opinion previously made which conflict with the position taken at trial. *Bolivar Farmers Exchange v. Eagon*, 467 S.W.2d 95, 98 (Mo. 1971); *Carpenter v. Davis*, 435 S.W.2d 382, 384 (Mo. banc 1968). However, a statement is not an admission against interest unless it is "contrary to the advantage of the one making the statement". *Blevins v. Cushman Motors*, 551 S.W.2d 602, 614 (Mo. banc 1977).

The defendant's depositional statement clearly shows a consistency in his position—that he did not consider that he had done anything dangerous when the approaching auto was observed. Only after he had hypothetically moved the auto closer did plaintiff's counsel get the answer he wanted. Defendant's response clearly constitutes an opinion of what his conduct *might have been* if the facts *had been different.* Thus, the proper "admission" was not based on a fact in evidence or irreconcilable with defendant's previous testimony.

Plaintiff next complains of the following instruction patterned after MAI 11.-04:

The term "negligent" or "negligence" as used in these instructions with respect to plaintiff and defendant means the failure to use that degree of care which an ordinarily prudent boy of the same age and capacity and experience would use under the same or similar circumstances.

Plaintiff had sought instead that the above instruction be given twice–once applicable to the plaintiff and the other applicable to defendant. He argues that plaintiff and defendant should be judged differently, based on their own capacities, experience and age. The record is too skimpy with regard to the circumstances plaintiff urges–all it shows is that both were sixteen, students at Washington, Missouri High School, with plaintiff in the eleventh grade and defendant in the ninth grade. The instruction follows the substantive law, mirrors MAI 11.04 and could be correctly understood by the average juror. The jury could not have been misled or confused by the instruction as given. *Wims v. Bi–State Development Agency*, 484 S.W.2d 323 (Mo. banc 1972); *Kirkwood Medical Supply Co. v. Ann Patterson Enterprises, Inc.*, 511 S.W.2d 433 (Mo.App.1974). *See also Conger v. Queen City Food & Vending Inc.*, 591 S.W.2d 161 (Mo.App.1979). The verdict directing instructions treated the parties individually, and the attacked instruction does

---

**2.** The fact is that defendant's abandoned pleading should not have been referred to at all. It contained only a legal conclusion as to negligence. As such, it was inadmissible as an admission against interest. *DeArmon v. City of St. Louis*, 525 S.W.2d 795 (Mo.App.1975).

not mislead the jury into believing the same standard of care would be applicable to both plaintiff and defendant. All instructions should be read and construed together. *State v. Pollard*, 588 S.W.2d 212, 214 (Mo.App.1979); *Dorrin v. Union Electric Co.*, 581 S.W.2d 852, 860 (Mo.App.1979). The instruction was properly given, and it was not error to reject plaintiff's duplicative instruction.

 Finally, plaintiff challenges the misstatement of law by defendant's counsel in closing argument that if the jury should find that the plaintiff contributed to the accident in "the smallest degree", he could not recover. This was a misstatement of law–made not once, but twice–dissonant with fundamental legal rubric. *Halford v. Yandell*, 558 S.W.2d at 411. We have been asked to consider this matter as plain error–Rule 84.13(c)–as plaintiff made no objection to it at trial. Certainly, had the statement been brought to the trial court's attention some corrective action would have been mandated, *e.g.*, by sustaining an objection, directing the jury to disregard the remark or, perhaps, even the drastic step of mistrial. *Hill v. Barton*, 579 S.W.2d 121, 127 (Mo.App.1979); *Halford v. Yandell*, 558 S.W.2d at 412; *White v. Gallion*, 532 S.W.2d 769, 771 (Mo.App.1975). But it is also a basic precept that the jury is bound to follow the trial court's instruction, and we presume that it will even to the extent of ignoring counsel's argument. *Churder v. United States*, 294 F.Supp. 207 (E.D.Mo. 1968), *aff'd*, 417 F.2d 633 (8th Cir. 1969); *Cunningham v. Thompson*, 277 S.W.2d 602 (Mo.1955); *Snyder v. Chicago, Rock Island & Pacific Railroad Co.*, 521 S.W.2d 161 (Mo. App.1975); *R–Way Furniture Co. v. Powers Interiors, Inc.*, 456 S.W.2d 632 (Mo.App. 1970).

Considering all the circumstances of the case, we fail to find that a manifest injustice or miscarriage of justice has resulted or that the unobjected to comments rise to the level of plain error.

Judgment affirmed.

CRIST and PUDLOWSKI, JJ., concur.