**CALIFORNIA & HAWAIIAN SUGAR COMPANY, et al., Plaintiffs,**

v.

**KANSAS CITY TERMINAL WAREHOUSE COMPANY, INC., Defendant.**

**No. 81–0571–CV–W–9.**

United States District Court, W.D. Missouri, W.D.

Jan. 11, 1985.

John M. Edgar, Stinson, Mag & Fizzell, Kansas City, Mo., for plaintiffs.

Paul H. Niewald, Niewald, Waldeck, Norris & Brown, Kansas City, Mo., for defendant.

## ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT AND DENYING DEFENDANT'S MOTION FOR A NEW TRIAL OR, IN THE ALTERNATIVE, JUDGMENT NOTWITHSTANDING THE VERDICT

BARTLETT, District Judge.

Plaintiffs' motion for judgment notwithstanding the verdict seeks the award of prejudgment interest on the amount of damages found by the jury.

Defendant's motion for a new trial or judgment notwithstanding the verdict argues that: 1) as a matter of law the evidence is insufficient to support plaintiffs' claims of fraud, negligence, breach of contract and damages; 2) plaintiffs are not entitled to prejudgment interest as a matter of law because plaintiffs' damages were neither liquidated nor readily ascertainable; 3) the Court erred in admitting evidence of

prejudgment interest; 4) the Court erred in excluding evidence concerning the sanitary conditions at the C & H Refinery and Warehouse in Crockett, California; 5) the Court erred in giving Instruction No. 24, the fraud verdict director; 6) the Court would err in awarding prejudgment interest because this was submitted to the jury; 7) the Court erred in admitting evidence concerning settlement negotiations; and 8) the Court erred in submitting jury instructions on both fraud and negligence.

### Standards for Determining Motions for a New Trial and Judgment Notwithstanding the Verdict

■ Despite the jury verdict in favor of plaintiff, judgment may be entered in favor of defendant if there is but one reasonable conclusion about the proper result. *Compton v. United States,* 377 F.2d 408, 411 (8th Cir.1967). A motion for judgment notwithstanding the verdict challenges the sufficiency of the evidence to support the jury's verdict. *Montgomery Ward & Co. v. Duncan,* 311 U.S. 243, 252, 61 S.Ct. 189, 194, 85 L.Ed. 147 (1940). In deciding whether to grant defendant's motion for judgment notwithstanding the verdict, the Court should consider the evidence in the light most favorable to plaintiffs, assume that all conflicts in the evidence were resolved by the jury in favor of plaintiffs, assume as proved all facts which plaintiffs' evidence tends to prove, and give plaintiffs the benefit of all reasonable inferences. *Continental Ore Co. v. Union Carbide and Carbon Corp.,* 370 U.S. 690, 696, 82 S.Ct. 1404, 1409, 8 L.Ed.2d 777 (1962); *Farner v. Paccar, Inc.,* 562 F.2d 518, 522 (8th Cir.1977). The Court may not consider the credibility of the witnesses or the weight of the evidence. *McKnelly v. Sperry Corp.,* 642 F.2d 1101, 1105 (8th Cir.1981). A motion for judgment notwithstanding the verdict should be granted only if the evidence, together with all reasonable inferences to be drawn therefrom, viewed in the light most favorable to the non-moving party, would not allow a reasonable jury to find in favor of the non-moving party. *Tribble v.*

*Westinghouse Elec. Corp.,* 669 F.2d 1193, 1195–96 (8th Cir.1982).

■ While a motion for judgment notwithstanding the verdict is addressed to the sufficiency of the evidence, a motion for a new trial invokes the discretion of the Court by asserting that the verdict was against the weight of the evidence or that for other reasons of law the trial was manifestly unjust. *Montgomery Ward & Co.,* 311 U.S. 243 at 252, 61 S.Ct. 189 at 194. The granting of a new trial rests within the discretion of the trial court. *Fireman's Fund Insurance Co. v. Aalco Wrecking Co., Inc.,* 466 F.2d 179 (8th Cir.1972). A new trial should be ordered where the verdict was against the weight of the evidence or to prevent a miscarriage of justice. *Day v. Amax, Inc.,* 701 F.2d 1258, 1262 (8th Cir.1983). A new trial should not be granted merely because the Court feels that another result was more reasonable. *Fireman's Fund Insurance Co.,* 466 F.2d at 186.

### There Was Substantial Evidence to Support Submission of Claims for Breach of Contract, Negligence and Fraud

Defendant asserts that:

1) Plaintiffs failed to produce evidence establishing that the sugar was delivered to defendant in good condition and that the sugar left the defendant's warehouse in bad condition;

2) Plaintiffs failed to establish that defendant breached its duty of care and that defendant did not exercise due care after discovering roaches; and

3) Plaintiffs failed to establish that defendant had a duty to tell plaintiffs about conditions at the warehouse.

■ Defendant's arguments in support of these contentions were considered and rejected during the trial. Plaintiffs introduced ample evidence from which a reasonable jury could have concluded that plaintiffs established each of the essential elements of the plaintiffs' breach of contract,

negligence, and fraud claims. Therefore, defendant's arguments are rejected again.

## Exclusion of Evidence About General Sanitation at the Refinery Was Proper

Defendant contends that it should have been permitted to introduce evidence about the sanitary conditions at the C & H Refinery and Warehouse in Crockett, California.[1]

■ This contention was briefed by both parties prior to trial, was argued on several occasions during the trial and was the subject of an offer of proof by defendant. Defendant has presented nothing new and has not persuaded the Court its trial rulings were erroneous.

## Fraud Verdict Director Properly Given

Defendant contends that Instruction No. 24, the fraud verdict director, improperly stated the law and was argumentative. Instruction No. 24 stated:

Your verdict must be for plaintiffs on their claim for fraud if you believe:

First, defendant, by failing to notify C & H that there were cockroaches in the area where the sugar was stored, represented to plaintiff C & H that defendant's warehouse continued to be a suitable storage place for its sugar, intending that plaintiff C & H rely upon such representation in continuing to store sugar in defendant's warehouse, and

Second, the representation was false, and

Third, defendant knew that the representation was false; and

Fourth, defendant knew that plaintiff C & H did not know that there were cockroaches in the area where the sugar was stored, and

Fifth, defendant knew that this information was not reasonably available to plaintiff C & H, and

Sixth, the representation was material to plaintiff C & H's decision regarding where to store its sugar, and

Seventh, plaintiff C & H relied on the representation in continuing to store sugar at defendant's warehouse and in shipping additional sugar to defendant's warehouse, and

Eighth, as a direct result of such representation, the plaintiffs were damaged.

The Court refused defendant's Instruction A which stated:

Your verdict must be for Plaintiffs on their claims for fraud if you believe:

First, Defendant, by its silence, represented to Plaintiff C & H that Plaintiff C & H could safely store its sugar in Defendant's warehouse, intending that Plaintiff C & H rely upon such representation in continuing to store sugar in Defendant's warehouse, and

Second, the representation was false, and

Third, Defendant knew that it was false, and that Plaintiff C & H had no knowledge of such fact, and that such knowledge was not within the fair and reasonable reach of Plaintiff C & H, and

Fourth, the representation was material to Plaintiff C & H's continuing to store the sugar in Defendant's warehouse, and

Fifth, Plaintiff C & H relied on the representation in continuing to store the sugar in Defendant's warehouse, and

Sixth, as a direct result of such representation the Plaintiff C & H was damaged.

■ Defendant's motion for a new trial asserts that Instruction No. 24 was argumentative, not a clear, concise statement and improperly stated the law. Defendant

---

1. Remarkably, defendant also asserts that "[b]y foreclosing all evidence of the condition of the sugar prior to delivery to defendant the Court deprived defendant of the opportunity to dispute that [the sugar was delivered in good condition to defendant's warehouse.]" Suggestions in Support of Defendant's Motion for New Trial or, in the Alternative, for Judgment Notwithstanding the Verdict, p. 12. No such ruling was ever made. Defendant was never prevented from introducing evidence about cockroach problems at any stage of the manufacturing or delivery process.

does not state how Instruction No. 24 was argumentative, unclear, or misstates the law.

Defendant raised objections to Instruction No. 24 at the instruction conference. In overruling these objections, the Court stated its reasons for preferring Instruction No. 24 and rejecting Instruction A. Defendant has raised no additional argument or authority persuading the Court that these rulings were erroneous.

### Evidence of Settlement Negotiations Properly Admitted

Defendant contends that the Court erroneously admitted testimony by Clarence Ballie and Thomas Rowland regarding settlement negotiations between the parties. Defendant asserts that "[t]he only purpose of plaintiffs' evidence on this point was to attempt to prove defendant's acknowledgment of liability." Suggestions in Support of Defendants' Motion for New Trial or, in the Alternative, for Judgment Notwithstanding the Verdict, p. 19.

Evidence of offers of compromise is not admissible to prove liability. Rule 408, Federal Rules of Evidence. However, Rule 408 "does not require exclusion when the evidence is offered for another purpose, such as ... negativing [sic] a contention of undue delay."

■ Here, defendant contended that plaintiffs delayed selling the sugar for animal feed until after the market price had fallen significantly. As authorized by Rule 408, the evidence regarding settlement negotiations was admissible to explain why plaintiffs delayed in disposing of the sugar.

### Inconsistent Instructions

■ Defendant contends that the Court erred in submitting both Instruction No. 18, the negligence verdict director, and Instruction No. 24, the fraud verdict director. Defendant argues that these instructions permitted double recovery for defendant's failure to notify plaintiffs after cockroaches were discovered in the area of the warehouse where the sugar was stored.

Instruction No. 24 has already been quoted in this Order. Instruction No. 18 provided:

Your verdict must be for plaintiffs on their claims for damages as result of defendant's negligence if you believe:
First, either
(a) defendant failed to adequately seal cracks and crevices in the warehouse to eliminate harborage sites for cockroaches, or
(b) defendant failed to eliminate promptly the cockroach population in the warehouse once it was discovered, or
(c) defendant failed to notify C & H of the existence of cockroaches in the warehouse, or
(d) defendant failed to segregate and protect sugar products already in the warehouse once the existence of cockroaches was discovered, or
(e) defendant failed to segregate and protect incoming sugar products once the existence of cockroaches was discovered, and
Second, defendant, in any one or more of the respects submitted in paragraph First, was thereby negligent, and
Third, as a direct result of such negligence, plaintiffs sustained damage.
The term "negligent" or "negligence" as used in this instruction means the failure to use that degree of care that an ordinarily careful and prudent warehouseman would use under the same or similar circumstances.

Defendant's argument is based on the assumption that Instruction No. 18, subparagraphs (c) and (e), and Instruction No. 24 allowed the jury to award double damages for a single injury because failure to warn and failure to segregate were included in both verdict directors.

Five possible negligent acts were submitted in the disjunctive in the first paragraph of Instruction No. 18. If the jury concluded that any one of them had been established, the jury was instructed to proceed to the second paragraph of Instruction

No. 18. Therefore, no basis exists to conclude that the jury's verdict and award of damages on the negligence count was based on subparagraphs (c) and (e); it could just as logically have been based only on either (a), (b) or (d). Even if the jury determined that defendant's failure to warn and failure to segregate the sugar after it learned of the cockroaches were both negligent and fraudulent acts, Instruction Nos. 18 and 24 required the jury to determine how much damage was caused by either defendant's negligence or fraud. The jury's response to Instruction No. 32 clearly established the total amount of damages.

Your verdicts have been returned, but the verdicts you have returned are unclear. By your verdicts what is the total amount you intend C & H and CAVG to recover?

500,000.00

Total Amount to C & H and CAVG

Madolyn D. Tillman
Foreperson

Date: 6–1–84

The jury by its verdicts determined how much of the total damages was caused by defendant's negligence and how much was caused by defendant's fraud.

## PREJUDGMENT INTEREST SHOULD BE AWARDED

Plaintiffs seek the award by the Court of prejudgment interest on the total amount of the verdict, i.e., $500,000. Defendant asserts that evidence of prejudgment interest was erroneously admitted, that the issue of prejudgment interest was submitted to the jury, that the Court has no authority to award prejudgment interest and, even if it does, prejudgment interest should not be awarded in this case.

Defendant contends that the Court erroneously permitted Fred Schwer to testify about the calculation of prejudgment interest. Fred Stammen, not Fred Schwer, testified briefly on the question of prejudgment interest. Defendant objected on the basis that prejudgment interest was inappropriate because plaintiffs' damages were not readily ascertainable and because plain-

tiffs asserted tort claims, not claims based on contract. The Court overruled the objection because plaintiffs' contract claims were a valid basis for an award of prejudgment interest and because the damages on the contract claims were readily ascertainable under Missouri law.

Pursuant to Mo.Rev.Stat. § 408.020 and decisions such as *St. Joseph Light & Power Co. v. Zurich Ins. Co.,* 698 F.2d 1351 (8th Cir.1983) (interpreting Missouri law) and *Herbert & Brooner Const. Co. v. Golden,* 499 S.W.2d 541 (Mo.App. 1973), prejudgment interest shall be allowed when the amount due is readily ascertainable. "[A] defendant's denial of liability or challenge to the amount claimed on a contract will not alter the fact that the amount claimed by the plaintiff is sufficiently ascertainable to require the award of prejudgment interest." *St. Joseph Light & Power Co.,* 698 F.2d at 1356 (interpreting Missouri law). Here, the amount due was readily ascertainable by multiplying the number of pounds of sugar damaged by the known market value of the sugar less the salvage value.

### The Issue of Prejudgment Interest Was Neither Submitted to the Jury Nor Included in the Jury Verdict

Defendant contends that an award of prejudgment interest by the Court is inappropriate because the issue was submitted to the jury, considered in its deliberations and included in its verdict.

During closing argument, plaintiff's counsel asked the jury to award prejudgment interest. Counsel then took a pen and wrote "Interest 9% on net loss $195,-757.07" on the bottom of the chart (P.Ex. 1191) summarizing plaintiffs' claimed damages. Counsel totaled the figures arriving at a total damage claim of $802,755.85. Defendant did not object to this part of plaintiffs' closing argument.

The jury was instructed before the trial began that the Court would decide which rules of law applied to the case and that the jury must decide the issues by applying

the Court's instructions about the law. (Instruction No. 1.) Instruction No. 2 provided, in part, that the instructions "constitute the law of this case and each such instruction is equally binding upon you."

For each of the four claims, the jury was instructed: "If you find in favor of plaintiffs, then you must award plaintiffs such sum as you may find from the evidence to be the difference between the fair market value of the sugar before it was damaged and its fair market value after it was damaged." (Instructions No. 10, 15, 20, 26). Instruction No. 5 stated that "[t]he phrase 'fair market value' as used in these instructions means the price which the sugar would bring when offered for sale by one willing but not obliged to sell it, and when bought by one willing or desirous to purchase it but who is not compelled to do so." No instruction was submitted to the jury authorizing it to award damages for prejudgment interest.

Shortly after retiring to begin its deliberations, the jury requested P.Ex. 1191. It was sent to the jury room without objection by defendant.

 Whether prejudgment interest should be awarded and, if so, in what amount were not submitted to the jury. The measure of damages was the difference in fair market value of the sugar before and after the damage. For the jury to have included in the verdict any amount for prejudgment interest would have been contrary to the instructions. The jury is presumed to have followed the instructions and to have ignored counsel's argument referring to an issue not submitted to the jury. *Callaway v. Lilly,* 605 S.W.2d 155, 159 (Mo.App.1980).

2. The jury returned verdicts based on plaintiffs' claims as follows:

| Verdict | Claim | Amount |
|---|---|---|
| A | Breach of warehouse-man's duty | $300,000 |

### An Award of Prejudgment Interest by the Court on Plaintiffs' Contract Claims is Appropriate

 Section 408.020 authorizes the award of prejudgment interest (9% per annum) on contract claims from the date the claim became due and payable. Two of the four claims submitted to the jury are contract claims, i.e., the breach of warehouseman's duty and breach of contract (Verdicts A & B).[2] A warehouseman's duty is based on a bailor/bailee relationship. *See Church v. Richfer Corp.,* 618 S.W.2d 29, 30 (Mo.1981) (en banc). A bailment is a contractual relationship. *Ratterree v. General Motors Corp.,* 460 S.W.2d 309, 311 (Mo.App.1970); *Glass v. Allied Van Lines, Inc.,* 450 S.W.2d 217, 220 (Mo.App.1970). Prejudgment interest is not recoverable on tort actions. *Lober v. Kansas City,* 339 Mo. 1087, 100 S.W.2d 267, 268 (1936). Therefore, no prejudgment interest may be awarded on the negligence and fraud claims.

 This Court has the authority to award prejudgment interest where such an award can be determined by mathematical computation.[3] *Home Trust Co. v. Josephson,* 339 Mo. 170, 179, 95 S.W.2d 1148, 1154–55 (1936) (en banc); *Hamra v. Boone County Development Co.,* 602 S.W.2d 721, 727 (Mo.App.1980). In fact, the Court has no discretion not to award prejudgment interest once it determines that an award of prejudgment interest is appropriate under § 408.020. *Slay Warehousing Co., Inc. v. Reliance Ins. Co.,* 489 F.2d 214, 215 (8th Cir.1974).

 Here, even though defendant challenged the amount of sugar damaged, the

| Verdict | Claim | Amount |
|---|---|---|
| B | Breach of contract | $ 50,000 |
| C | Negligence | 50,000 |
| D | Fraud | 100,000 |

3. Defendant relies on *Burgdorfer Electric Co. v. Voyles Const. Co.,* 432 S.W.2d 387, 391 (Mo.App.

amount claimed by plaintiffs was sufficiently ascertainable to require the award of prejudgment interest. *Herbert & Brooner Const. Co. v. Golden,* 499 S.W.2d 541 (Mo.App.1973). The interest rate of nine percent per annum is set by statute. There is no dispute that the plaintiffs demanded the value of the damaged sugar on October 24, 1980. Therefore, the amount of prejudgment interest can be determined by a simple mathematical calculation. Prejudgment interest from October 24, 1980, to June 1, 1984, will be awarded in favor of plaintiffs and against defendant in the amount of $113,535.45.[4]

### Order

For the reasons stated, it is hereby ORDERED that:

1) defendant's motion for new trial is denied;

2) defendant's motion for judgment notwithstanding the verdict is denied;

3) plaintiffs' motions for judgment notwithstanding the verdict and for the award of prejudgment interest are granted to the extent that prejudgment interest is hereby awarded on $350,000 in the amount of $113,535.45; and

4) in accordance with the jury verdict, judgment is hereby entered in favor of plaintiffs and against defendant in the amount of $500,000 plus $113,535.45 prejudgment interest, totaling $613,535.45.

1968), for the proposition that the trial court lacks authority to supplement a verdict by adding prejudgment interest when the question of interest has not been submitted to the jury. The same court that decided *Burgdorfer* subsequently changed its position in *Hamra v. Boone Coun-*

*ty Development Co.,* 602 S.W.2d 721, 727 (Mo. App.1980).

**4.** The calculation for prejudgment interest is as follows:

a) the statutory interest rate is nine percent;

b) Verdict A + Verdict B = $350,000
$300,000 $50,000

| 1980 | 1981 | 1982 | 1983 | 1984 | Interest Term |
|------|------|------|------|------|---------------|
| 10/24 to | | | | 1/1 to | |
| 12/31/80 | | | | 6/1/84 | |
| .1890 yrs | + 1 yr | + 1 yr | + 1 yr | + .4153 yrs | = 3.6043 |

| Interest Rate | × | Principal Balance | × | Interest Term | = | Prejudgment Interest |
|---|---|---|---|---|---|---|
| 9.0% per annum | × | $350,000 | × | 3.6043 | | = $113,535.45 |