CALIFORNIA & HAWAIIAN SUGAR COMPANY, et al., Appellees,

v.

KANSAS CITY TERMINAL WAREHOUSE COMPANY, INC., Appellant.

No. 85–1240/1345.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1985.

Decided April 16, 1986.

June Clark, Kansas City, Mo., for appellant.

John C. Aisenbrey, Kansas City, Mo., for appellees.

Before ARNOLD and WOLLMAN, Circuit Judges, and REGAN,* Senior District Judge.

WOLLMAN, Circuit Judge.

This appeal and the cross appeal arise out of a diversity action brought by California & Hawaiian Sugar Company (C & H) against Kansas City Terminal Warehouse (KCTW). C & H, alleging infestation of Oriental cockroaches in portions of its approximately 1.5 million pounds of sugar product stored at KCTW's warehouse, asserted causes of action based on breach of contract, breach of warehouseman's duty, gross negligence, and fraud. The jury found in favor of C & H and awarded damages on all submitted counts in the total amount of $500,000. For reversal, KCTW argues that the district court[1] erred in admitting evidence of prejudgment interest and in granting C & H prejudgment interest on that portion of the verdict which constituted the award for breach of contract and breach of warehouseman's duty. In its cross appeal, C & H argues that the district court erred in not entering judgment notwithstanding the verdict in its favor in the amount of $500,000 on both the breach of contract and breach of warehouseman's duty causes of action and in refusing to award prejudgment interest on the entire $500,000. For the reasons set forth below, we affirm the judgment of the district court.

In 1980, C & H stored sugar at KCTW's public warehouse in Kansas City, Missouri. KCTW was informed in July 1980 by its pest control contractor that two dead roaches were found near the south wall of the warehouse. In September 1980, unbeknown to C & H, KCTW personnel report-

---

* The Honorable John K. Regan, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

1. The Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri.

ed a rampant roach infestation in the warehouse, including the sugar room. KCTW accepted over the next month an additional 593,966 pounds of sugar in sixteen separate shipments. C & H first became aware of the roaches when a truckload of sugar was rejected by one of its customers. On October 24, 1980, C & H sent two employees to inspect its sugar product at the KCTW warehouse. Due to the widespread contamination, C & H impounded the sugar and subsequently sold it for animal feed. C & H then brought this action against KCTW.

Over objection, the district court allowed Fred Stammen, production manager for C & H, to testify regarding the amount of prejudgment interest that had accrued on the claimed damages from October 24, 1980 to May 24, 1984, the first day of trial. No instruction on prejudgment interest was given to the jury, however. Rather, the jury was instructed that any award in favor of C & H must be based on the difference between the fair market value of the sugar before it was damaged and its fair market value after it was damaged. KCTW did not object when C & H's counsel in closing argument requested the jury to assess prejudgment interest on its claimed damages for negligence, breach of contract, and breach of warehouseman's duty. The jury returned a verdict for C & H as follows:

| | |
|---|---|
| Breach of Warehouseman's Duty | $300,000 |
| Breach of Contract | 50,000 |
| Negligence | 50,000 |
| Fraud | 100,000 |

Because the parties perceived possible inconsistencies in the verdict, they agreed that the trial court submit an additional instruction requesting the jury to state the total amount of damages it intended to award C & H. The supplemental instruction and the jury response thereto read as follows:

Your verdicts have been returned, but the verdicts you have returned are un-

clear. By your verdicts what is the total amount you intend C & H ... to recover?
500,000.00
Total Amount to C & H ...

Madolyn D. Tillman
Foreperson

Date: 6-1-84

The district court entered judgment for C & H in the amount of $500,000. C & H then moved for judgment notwithstanding the verdict in the amount of $500,000 on each count except fraud and for prejudgment interest on the total award of $500,-000. KCTW also moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. The district court awarded C & H prejudgment interest from October 24, 1980, to June 1, 1984, on the awards for breach of contract and breach of warehouseman's duty, $50,000 and $300,000 respectively and denied all other motions. *C & H Sugar Co. v. Kansas City Terminal Warehouse Co.*, 602 F.Supp. 183 (W.D.Mo.1985).[2]

■ The award of prejudgment interest in a diversity action is determined by the law of the state in which the action arose. *Kisco Co. v. Verson Allsteel Press Co.*, 738 F.2d 290, 296 (8th Cir.1984); *Weitz Co. v. Mo-Kan Carpet, Inc.*, 723 F.2d 1382, 1387 (8th Cir.1983). In overruling KCTW's objection, the district court relied on Mo.Rev. Stat. § 408.020 (Supp.1986), which provides in pertinent part:

Creditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all monies after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made[.]

■ This court has recognized that Missouri law permits prejudgment interest whenever the amount due is "liquidated or, although not strictly liquidated, is readily ascertainable by reference to recognized standards." *St. Joseph Light & Power Co. v. Zurich Insurance Co.*, 698 F.2d 1351, 1355 (8th Cir.1983) (citing *Denton Con-*

---

**2.** We were informed during oral argument that KCTW has satisfied the $500,000 jury verdict.

*struction Co. v. Missouri State Highway Commission,* 454 S.W.2d 44, 59–60 (Mo. 1970) and Mo.Rev.Stat. § 408.020 (Supp. 1982)). *See also Kisco Co.,* 738 F.2d at 296; *Slay Warehousing Co. v. Reliance Insurance Co.,* 489 F.2d 214, 215 (8th Cir. 1974). This court has further recognized that under Missouri law a "dispute as to liability does not make the amount an unliquidated amount." *St. Joseph Light & Power Co.,* 698 F.2d at 1356 (citing *Foley Co. v. Walnut Associates,* 597 S.W.2d 685, 692 (Mo.Ct.App.1980).

KCTW contends that the amount of damages was not readily ascertainable because there are no "recognizable standards" for the progress of insect infestation. Since C & H's sugar was intended for human consumption, however, it was reasonable for C & H to claim that all of the sugar was damaged by the roach infestation. The district court found, and we agree, that "the amount due was readily ascertainable by multiplying the number of pounds of sugar damaged by the known market value of the sugar less the salvage value." 602 F.Supp. 183, 189. Thus the damages awarded for breach of contract and breach of warehouseman's duty fell within the scope of section 408.020. Accordingly, the trial court did not err in admitting testimony regarding prejudgment interest.

In reaching this conclusion, we have considered this court's decision in *Cedar Point Apartments v. Cedar Point Investment Corp.,* 756 F.2d 629 (8th Cir.1985). There, this court agreed with the district court's holding that the uncertainties regarding the amount of damages were so pronounced that the *St. Joseph Light & Power Co.* rule was inapplicable. Here, however, we agree with the district court's conclusion that the amount due C & H was readily ascertainable by simple mathematical computation.

■ KCTW also argues that the district court erred in granting prejudgment interest on the damages for breach of contract and breach of warehouseman's duty inasmuch as prejudgment interest was already included in the jury award. KCTW bases its argument on the following: (1) Stammen testified on the amount of prejudgment interest accrued; (2) C & H requested in its closing argument an award of prejudgment interest; and (3) the jury had before it during its deliberation C & H's damages chart, which included prejudgment interest figures.

We find this contention to be unpersuasive, however, for, as indicated above, no instruction was given on the question of prejudgment interest. The only instruction on damages, given with respect to each of the four theories of recovery, read as follows:

If you find in favor of plaintiffs, then you must award plaintiffs such sum as you may find from the evidence to be the difference between the fair market value of the sugar before it was damaged and its fair market value after it was damaged.

To have included prejudgment interest in its verdict, therefore, the jury would have had to ignore the instructions given. Under Missouri law, it is presumed that the jury will properly follow the trial court's instructions even to the extent of ignoring counsel's argument. *State v. Preston,* 673 S.W.2d 1, 7 (Mo.1984) (en banc); *Cunningham v. Thompson,* 277 S.W.2d 602, 611 (Mo.1955); *Callaway v. Lilly,* 605 S.W.2d 155, 159 (Mo.Ct.App.1980). Accordingly, we assume that the jury followed the instructions in the instant case and did not include prejudgment interest in its award.

As stated above, the district court added prejudgment interest to the jury verdict. KCTW contends that Missouri law requires the jury to assess prejudgment interest, citing, inter alia, *Burgdorfer Electric Co. v. Voyles Construction Co.,* 432 S.W.2d 387, 391 (Mo.Ct.App.1968). The district court concluded, however, that the *Burgdorfer* court subsequently changed its position in *Hamra v. Boone County Development Co.,* 602 S.W.2d 721, 727 (Mo.Ct.App. 1980).

In *Hamra,* the defendant contended that the trial court lacked power to award pre-

judgment interest on the breach of contract award because the question of prejudgment interest was not submitted to the jury and was not included in the verdict. Although the defendant in *Hamra* argued that the damages were in dispute, the Missouri Court of Appeals found that the computation of damages required only a mathematical calculation. In affirming the trial court's award of prejudgment interest, the court relied on *Home Trust Co. v. Josephson,* 339 Mo. 170, 95 S.W.2d 1148 (1936) (en banc). In *Home Trust,* the Missouri Supreme Court held:

> [W]here, as in the instant case, the plaintiff is entitled to a directed verdict and there is no controversy as to the amount, and the contract sued on calls for interest at a stated rate for a certain time, so that the ascertainment of the amount of interest is only a matter of mathematical computation, it is not error for the court to make the calculation and direct a verdict for the total amount due, including the interest.

*Id.* at 1156.

We conclude that the Missouri Supreme Court in *Home Trust* intended that the trial court be permitted to award prejudgment interest whenever the amount due is "liquidated or, although not strictly liquidated, is readily ascertainable by reference to recognized standards," *St. Joseph Light & Power Co.,* 698 F.2d at 1355, since, as noted above, under Missouri law a "dispute as to liability does not make the amount an unliquidated amount." *Id.* at 1356. When the amount due is liquidated or readily ascertainable and the prejudgment interest depends merely upon mathematical computation pursuant to section 408.020, it is permissible under Missouri law for the trial court, rather than the jury, to perform the mathematical process of computing the interest. *See Home Trust Co.,* 95 S.W.2d at 1156; *General Aggregate Corp. v. Labrayere,* 666 S.W.2d 901, 910 (Mo.Ct.App.1984); *Errante v. Kadean Real Estate Service,* 664 S.W.2d 27, 30 (Mo.Ct.App.1984); *Cotton v. 71 Highway Mini-Warehouse,* 614 S.W.2d 304, 308 (Mo. Ct.App.1981); *Hamra,* 602 S.W.2d at 727.

In the present case, the amount due and the date on which it became due were conclusively established by multiplying the number of pounds of sugar damaged by the infestation by the market value of the sugar on October 24, 1980, less the salvage value. *C & H Sugar Co.,* 602 F.Supp. at 189. "[T]he award of prejudgment interest in a case in which [s]ection 408.020 is applicable is not a matter of court discretion; it is compelled." *Slay Warehousing Co. v. Reliance Insurance Co.,* 489 F.2d 214, 215 (8th Cir.1974). Accordingly, the district court properly awarded prejudgment interest on that portion of the $500,000 verdict which the jury apportioned to the breach of contract and the breach of warehouseman's duty causes of actions.

With respect to the issues presented by C & H's cross appeal, we agree with the district court that the jury by its verdict determined how much of the damage was attributable to KCTW's negligence and how much to its fraud. It was C & H's choice to submit the case on four separate theories of recovery, and we are not disposed to engage in post-trial mental maneuvers that would somehow lead to the conclusion that the jury did not mean what it said.

The judgment is affirmed.