757 F.Supp. 1030 (1991)
John H. ERNSTER and Excelpro, Inc., Plaintiffs,
v.
RALSTON PURINA COMPANY, Van Camp Seafood Company, Inc., and Deltown Chemurgic Corporation, Defendants.
No. 87-1662C(6).
United States District Court, E.D. Missouri, E.D.
February 28, 1991.
*1031 David Helfrey, Gino Battisti, Patricia N. McCloskey, Guilfoil, Petzall and Shoemake, St. Louis, Mo., for John H. Ernster.
Paul M. Denk, St. Louis, Mo., for plaintiffs.
Randall G. Litton, Richard C. Cooper, Price, Heneveld, Cooper, DeWitt & Litton, Grand Rapids, Mich., Alan S. Boston, Lewis & Rice, St. Louis, Mo., for Ralston Purina Co. and Van Camp Seafood, Inc.
*1032 Thomas C. Walsh, Bruce C. Oetter, Bryan, Cave McPheeters & McRoberts, St. Louis, Mo., for Deltown Chemurgic Corp.

MEMORANDUM AND ORDER
GUNN, District Judge.
This matter is before the Court on the following motions: plaintiffs' motion and supplemental motion to alter or amend judgment, defendants' motions for judgment notwithstanding the verdict and for new trial, and a Rule 59 motion for a new trial or remittitur filed by defendants Ralston and Van Camp.

A. PLAINTIFFS' MOTION TO ALTER/AMEND
In this motion, plaintiffs seek to have the judgment altered or amended in several respects. First, plaintiffs claim the right to enhanced, or treble damages, pursuant to 35 U.S.C. § 284, due to the jury's finding of willfulness. Second, plaintiffs seek attorney's fees, urging the Court to find that this is an "exceptional" case within the meaning of 35 U.S.C. § 285. Third, plaintiffs request an award of prejudgment interest, compounded, from the date of infringement, at the prevailing Missouri rate of 9 percent. Finally, plaintiffs seek a permanent injunction to guard against future infringement of the patents.

1. Enhanced damages.
According to 35 U.S.C. § 284, "the court may increase the damages up to three times the amount found or assessed." According to case law, increased damages are not mandatory upon a finding of willfulness, but rather, are within the court's discretion. Modine Manufacturing Co. v. The Allen Group, 917 F.2d 538, 543 (Fed. Cir.1990); Fromson v. Western Litho Plate and Supply Co., 13 USPQ2d 1856, 1862, 1989 WL 149268 (E.D.Mo.1989). In this particular case, this Court finds that even though the jury rendered a verdict of willful infringement, the circumstances surrounding this case do not justify such remedies. The Court finds no evidence of bad faith or unconscionable conduct by either party and considers increased damages inappropriate here.

2. Attorney's fees.
Attorney's fees are appropriate in "exceptional" cases, pursuant to 35 U.S.C. § 285. Again, a finding of willfulness does not mandate an award of attorney's fees; however, if a court denies fees in such a situation, it must explain why it does not consider the case exceptional. Modine, supra, 917 F.2d at 543. In addition to willfulness, the court may consider other factors in support of its finding that a case is exceptional. "Other exceptional circumstances include willful infringement, misconduct during litigation, vexatious or unjustified litigation, or a frivolous suit." Rite-Hite Corp. v. Kelley Co., Inc., 819 F.2d 1120, 1126 (Fed.Cir.1987). Furthermore,
the prevailing party has the burden of proving by clear and convincing evidence that the case is exceptional; once the exceptional nature of the case is established, the question of whether to make an award of attorneys fees is committed to the sound discretion of the trial court ... In order to avoid penalizing a party for merely defending or prosecuting a lawsuit, attorneys' fees are not to be routinely assessed against a losing party in litigation.... Attorneys fees should be awarded only to avoid gross injustice.

Fromson, supra, 13 USPQ2d at 1862 (emphasis added).
In this particular case, the Court does not consider the jury's finding of willfulness as sufficient to support a finding that this case is exceptional. In addition, plaintiffs have not proven to the Court, by clear and convincing evidence, that the circumstances of this case warrant the case exceptional. The question of infringement was definitely a close one. Except for the jury's willfulness finding, the Court finds no specific evidence of any factors such as misconduct, frivolity, or vexatious or unjustified litigation, which would support a finding of exceptional. Defendants should not be penalized for defending the charges *1033 in this case, and their conduct was not such to warrant the award of attorney's fees.

3. Prejudgment interest.
Plaintiffs next seek an award of prejudgment interest on most of the damages awarded.[1] Plaintiffs seek interest, compounded, from the date of infringement, at the prevailing Missouri rate of 9 percent. While defendants do oppose some aspects of the award, they indicate that prejudgment interest is appropriate in certain respects. However, defendants seek to restrict such an award to the damages awarded for the infringement claims only, and oppose an award as to any other claims for which they were found liable. In addition, defendants state that the interest should not be compounded, and should be calculated at the treasury rate prevailing at the time of infringement, or at the time defendant Ralston purchased the product from defendant Deltown.
Prejudgment interest should ordinarily be awarded, pursuant to 35 U.S.C. § 284, absent some justification. General Motors Corp. v. Devex Corp., 461 U.S. 648, 654, 103 S.Ct. 2058, 2061, 76 L.Ed.2d 211 (1983). The purpose of prejudgment interest is to compensate the patent owner for the loss of the money to which the owner had a right, as a result of the infringement. Fromson, supra, 13 USPQ2d at 1862. The rate at which such interest should be calculated, and the decision whether it should be simple or compounded, are within the discretion of the trial court. Bio-Rad Laboratories v. Nicolet Instrument Corp., 807 F.2d 964, 969 (Fed.Cir.1986).
With respect to the damages awarded pursuant to the infringement claims, this Court finds that plaintiffs are entitled to prejudgment interest, compounded, from the date of the infringement, February 1, 1987, to the date of judgment, October 19, 1990. An award of compound rather than simple interest assures that the patent owner is fully compensated. Fromson, supra, 13 USPQ2d at 1862. The Court finds that the interest should be calculated at the treasury bill rates applicable during the above-mentioned time period.
The Court also finds that prejudgment interest should not be awarded as to any of the other counts on which plaintiffs prevailed. Such is not recoverable in tort actions, and thus, not on the misappropriation and fraud claims. C & H Sugar Co. v. Kansas City Terminal Warehouse Co., 602 F.Supp. 183, 190 (W.D.Mo.1985). In addition, damages as to the contract and unjust enrichment claims are of the nature as not being readily ascertainable, and therefore, prejudgment interest on those amounts is inappropriate. C & H Sugar, supra, at 183.

4. Injunction.
The general rule is that an injunction issues when infringement is adjudged, absent a sound reason. Such is authorized by 35 U.S.C. § 283. Even the fact that a defendant has stopped infringing is usually not considered a reason to deny a request for injunction, unless the evidence is very persuasive that further infringement will not take place. Laitram Corp. v. Cambridge Wire Cloth Co., 785 F.2d 292, 195-6 (Fed.Cir.1986).
In this case, defendants claim that the infringed product is no longer manufactured or sold and that no evidence exists that they would re-enter the market with that product. However, the Court finds that issuance of the injunction will not harm defendants and will assure plaintiffs of no further infringement. Therefore, the Court will grant the plaintiffs' request.

B. PLAINTIFFS' SUPPLEMENTAL MOTION
In this motion, plaintiffs seek to alter or amend the Court's judgment to include a finding of joint and several liability by the defendants as to all claims adjudged against them. Plaintiffs state that since the jury found that the defendants conspired to infringe, that the defendants ultimately are jointly and severally liable for all damage which resulted from that *1034 conspiracy. While conceding that joint and several liability is applicable to the conspiracy count, defendants oppose such with respect to all other claims. Furthermore, defendants indicate that since joint and several liability applies to the conspiracy count, the amount computed in Verdict L is incorrect because plaintiffs are entitled only to a single, joint and several, award of $248,876 for the conspiracy, rather than two separate individual awards of $248,876.
This Court finds that Count I of plaintiffs' amended complaint, the conspiracy count, includes a prayer for joint and several liability. In addition, the concept of joint and several liability was included in Jury Instruction 32. Therefore, the Court finds that defendants are jointly and severally liable for the amount awarded on the conspiracy count, $248,876, and therefore, that the final judgment amount should be amended to reflect that single amount. However, the Court finds that joint and several liability is not applicable to the remainder of the claims.

C. DEFENDANTS' MOTIONS
Defendants have filed several post-trial motions. Defendant Deltown has filed a motion for judgment notwithstanding the verdict and for new trial, claiming that the evidence presented at trial was insufficient to support the jury's verdict. Defendants Ralston and Van Camp have also filed a motion for judgment notwithstanding the verdict and for new trial, and a Rule 59 motion for a new trial or remittitur on the patent infringement damage issue.
This Court will not address the parties' arguments on these issues, as they all concern decisions and rulings by this Court both prior to and during the trial. The Court is satisfied that the jury's verdict is well-supported by the evidence presented.
Accordingly,
IT IS HEREBY ORDERED that the plaintiffs' motion to alter or amend the October 19, 1990 judgment is granted in part in the following respects:
1. Plaintiffs' request for prejudgment interest is granted, and shall be calculated at the compounded treasury bill rate applicable from February 1, 1987 to October 19, 1990, and shall be applied to the amounts awarded against the defendants in Verdicts A and B, that is, $2,107,241 and $1,796,000 (the patent infringement claims).
2. Plaintiffs' request for a permanent injunction is granted, and such shall read as follows:
PERMANENT INJUNCTION
TO: RALSTON PURINA COMPANY, VAN CAMP SEAFOOD COMPANY, INC. and DELTOWN CHEMURGIC CORPORATION, and each of them, their officers, directors, agents, attorneys, assigns, and all claiming or holding under or through them or any of them.
WHEREAS, by judgment, order and decree entered herein on the 19th day of October, 1990, U.S. Patent No. 4,363,820, U.S. Patent No. 4,545,933 and U.S. Patent No. 4,600,588 are valid, and enforceable and are infringed by said defendants and each of them,
IT IS HEREBY ORDERED that a permanent injunction issue out of this Court enjoining and restraining the defendants RALSTON PURINA COMPANY, VAN CAMP SEAFOOD COMPANY, INC. and DELTOWN CHEMURGIC CORPORATION and each of them, their officers, directors, agents, attorneys, assigns, and all claiming or holding under or through them, or any of them, from directly or indirectly making or causing to be made, using or causing to be used and/or selling or causing to be sold, any and all methods, processes and/or products described in U.S. Patent No. 4,363,820, U.S. Patent No. 4,545,933, and U.S. Patent No. 4,600,588, and claimed in the claims thereof and their equivalents including, but not limited to, the making or causing to be made, using or causing to be used, selling or causing to be sold, licensing or causing to be licensed, and/or assisting anyone in making, using, selling or licensing Dellac 86101 and Dellac 87202 and Dellac 88600, and from otherwise infringing said U.S. patents.
*1035 IT IS FURTHER ORDERED that plaintiffs' motion to alter or amend judgment is denied in all other respects.
IT IS FURTHER ORDERED that plaintiffs' supplemental motion to alter or amend judgment is granted in part, to the extent that the defendants are to be held jointly and severally liable for $248,876, the amount awarded by the jury on the claims of conspiracy to infringe, and reflected in Verdicts C and D. Plaintiffs' supplemental motion is denied in all other respects.
IT IS FURTHER ORDERED that Verdict L is amended to reflect the following total damages against the defendants:

 RALSTON PURINA/VAN
 CAMP $2,405,891
 DELTOWN CHEMURGIC
 CORPORATION $2,243,976
 RALSTON PURINA/VAN
 CAMP and DELTOWN CHEMURGIC
 CORPORATION,
 jointly and severally $ 248,876

IT IS FURTHER ORDERED that the motions of defendants Deltown and Ralston/Van Camp for judgment notwithstanding the verdict or new trial, and the Rule 59 motion of Ralston/Van Camp for new trial or remittitur on the patent infringement damages issue, are denied.
NOTES
[1] Plaintiffs do not seek interest on the damages awarded on the conspiracy counts.